## Peoples Trust Co., Appellant, *v.* Woods.

*Corporations—Change of name—Discretion of secretary of the Commonwealth—Review by court.*

A court of equity has no jurisdiction to cancel or annul a certificate changing the name of a corporation, after such change has been approved by a vote of the stockholders and approved by the secretary of the Commonwealth in pursuance of the authority vested in him, where the bill of complaint fails to show that he abused his discretion in allowing the change. The courts cannot control the

legal discretion of an officer to whom is committed the right to approve or disapprove corporate names.

Argued Oct. 22, 1918.    Appeal, No. 15, May T., 1918, (Middle District transferred to Western District) by plaintiff, from decree of C. P. Dauphin Co., No. 2, Commonwealth Docket, 1917, and No. 592, Equity Docket, sustaining demurrers to plaintiff's bill in the case of Peoples Trust Company of Pittsburgh v. Cyrus E. Woods, Secretary of the Commonwealth, and the Safe Deposit & Trust Company of Pittsburgh.    Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.    Affirmed.

Bill in equity to cancel certificates issued by the secretary of the Commonwealth changing the name of the corporation.    Before McCARRELL, J.

From the record it appeared that the Safe Deposit and Trust Company of Pittsburgh, after having taken over the assets of the Peoples Savings Bank, made application to the secretary of the Commonwealth to have its name changed to that of Peoples Savings and Trust Company of Pittsburgh.    The plaintiff, Peoples Trust Company of Pittsburgh, opposed the proposed change of name.    The Safe Deposit and Trust Company is located in the business center of the City of Pittsburgh in what is popularly known as "old city," and the Peoples Trust Company is located between Seventeenth and Eighteenth streets, in that portion of the city popularly known as "south side." The places of business of the plaintiff and defendant are approximately 1.9 miles apart.    The sections of the city in which they are respectively located are separated by the Monongahela river.

The court sustained demurrers to the bill and dismissed it in the following opinion by McCARRELL, J.:

This bill was filed January 9, 1917, asking:

(1) For the cancellation and annulment of a certificate in the office of the secretary of the Commonwealth changing the name of the Safe Deposit & Trust

Company of Pittsburgh to that of the Peoples Savings and Trust Company of Pittsburgh.

(2) That the Safe Deposit & Trust Company of Pittsburgh be restricted temporarily and perpetually on final hearing from recording the certificate of change of name thereinabove mentioned in the records of Allegheny County, and that it be also likewise restrained from using or attempting to use the title of Peoples Savings and Trust Company of Pittsburgh.

(3) Other and further relief.

The fundamental contention of the bill is that the secretary of the Commonwealth erred in approving the change of name of the Safe Deposit & Trust Company of Pittsburgh to that of Peoples Savings and Trust Company of Pittsburgh. To this bill the defendants have filed separate demurrers, raising practically the same questions. We find nothing in the bill of complaint which shows or tends to show that the secretary of the Commonwealth has abused the legal discretion vested in him by allowing the change of name. The change of name had been approved by vote of the stockholders and the change was approved by the secretary of the Commonwealth in pursuance of the authority vested in him. We cannot control the legal discretion of an officer to whom is committed the right to approve or disapprove changes of corporate names. It appears from the briefs submitted that under date of December 27, 1916, the Peoples Trust Company of Pittsburgh filed its bill in equity in the Court of Common Pleas of Allegheny County to No. 2115 January Term, 1917, asking for a decree prohibiting the use of the name the Peoples Savings and Trust Company of Pittsburgh. The allegations in this bill relating to the change of name and its alleged illegalities are substantially the same as in the bill now before us. Judge CARPENTER of the Allegheny County Court dismissed the bill and we are informed that, upon appeal from that decision the decree dismissing the bill was affirmed by the appellate court. Independently of this we are of opinion

that we have no jurisdiction to restrain the discretion of the secretary of the Commonwealth under the allegations contained in the bill. We therefore sustain the demurrers and dismiss this bill at the costs of the plaintiff.

Plaintiff appealed.

*Errors assigned* were the findings and the decree of the court.

*William H. Lemon,* with him *Douglass D. Storey* and *Ralph J. Baker,* for appellant.—It was the duty of the secretary of the Commonwealth where the names presented such marked similarity to submit the question to the attorney general as in the case of Sterling Smokeless Coal Co., (Opinion of Atty. Gen., Dec. 13, 1916).

Failure to do so was contrary to the Act of June 7, 1915, P. L. 876.

*James S. Crawford,* of *Patterson, Crawford, Miller & Arensberg,* with him *Wm. M. Hargest,* Deputy Attorney General; *Francis Shunk Brown,* Attorney General, and *John Fox Weiss,* for appellees, cited: Peoples Trust Company of Pittsburgh, Safe Deposit & Trust Company of Pittsburgh, 259 Pa. 62; West End Companies, 27 Pa. C. C. R. 641.

PER CURIAM, January 4, 1919:

Learned counsel for appellees very fairly suggest that this proceeding is apparently an effort to resubmit a matter which has already been considered and passed upon: Peoples Trust Company of Pittsburgh v. Safe Deposit and Trust Company of Pittsburgh, 259 Pa. 62; but, be this as it may, the appeal is dismissed on the opinion of the learned court below sustaining the demurrers to the bill and dismissing it.