## *In re* BANK OF ATTICA.

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

CORPORATIONS—CHANGE OF CORPORATE NAME.
    An order allowing a corporation to change its name from the "Bank of Attica" because of its similarity to the "Bank of Attica in Attica," another banking corporation, to the "Buffalo Commercial Bank," will not be disturbed on the ground of its similarity to the "Bank of Commerce in Buffalo."

Appeal from special term, Erie county.
Application of the Bank of Attica to change its corporate name. The Bank of Commerce in Buffalo appeals from an order authorizing the petitioner to assume the name of the "Buffalo Commercial Bank."
Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*George Clinton,* for appellant. *Spencer Clinton,* for respondents.

DWIGHT, P. J. The application was in all respects in accordance with the provisions of chapter 518 of the Laws of 1887. The petitioner, a banking association, incorporated under the laws of this state by the name of the "Bank of Attica," was originally located at the village of Attica in Wyoming county, but many years since changed its place of business to the city of Buffalo, where it has ever since carried on the business of banking, without change of name. In 1889, another banking association, located at the village of Attica, was incorporated, under the laws of this state, by the name of the "Bank of Attica in Attica." There were obvious reasons for a change of the name of the petitioner, and the new name chosen by resolution of its board of directors was the "Buffalo Commercial Bank." Its application for leave to assume that name was contested by the Bank of Commerce in Buffalo, on the ground of the similarity of the two names. The order was granted at special term, and the contestant appeals to this court.

Undoubtedly the petitioner would not be permitted to assume a name identical with that of any other bank or banking association in the same place, or so similar thereto as to give rise to confusion of the two names, or in any manner to deprive the other of the benefit of the prestige or "good-will" which attaches to an established name. It is obvious that no general rule can be suggested by which to measure the degree of similarity to be allowed in the names of two corporations of this character. The question simply addresses itself to the good sense and sound judgment of the court, whether, in the particular case, the proposed new name of the petitioner so nearly resembles that of the bank making the objection, as that its assumption and use by the former would be likely to prejudice the rights or the interests of the latter. The language of the statute in this respect is as follows: "If the court to which the application is made shall be satisfied    *    *    *    that there is no

reasonable objection to such corporation changing its name, it may make an order authorizing it to assume the proposed new corporate name." Laws 1887, c. 518, § 3.   This plainly submits the decision to the careful discretion of the court.   In this case we can only say that our judgment concurs with that of the court at special term.   There seems to us to be no such similarity, either to the eye or to the ear, in the two names, "Buffalo Commercial Bank," and "Bank of Commerce in Buffalo," as to threaten, in the proposed use of the former, any substantial injury or inconvenience to the bank bearing the latter name.   We think the order appealed from should be affirmed, with costs.
.  All concur.