Industrial Mutual Deposit Co. v. Central Mutual Deposit Co.

---

CASE 112.—ACTION FOR AN INJUNCTION.—MARCH 7.

# Industrial Mutual Deposit Co. v. Central Mutual Deposit Co.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

CORPORATIONS—PROTECTION IN USE OF CORPORATE NAME—TRADE NAME CONSISTING OF GENERIC TERM.

Held: A corporation incorporated as "Industrial Mutual Deposit Company" is not entitled to enjoin a corporation subsequently incorporated, as the "Central Mutual Deposit Company," from using the words "Mutual Deposit Company," as a part of its name; those words being descriptive of the business of the corporation.

MORTON & DARNALL AND HOBBS & FARMER, ATTORNEYS FOR APPELLANT.

The appellant sought by the remedy of injunction, in the lower court, protection in the use of its corporate name, and the prevention of injury to its business.

The remedy sought was refused, the court holding, on demurrer that the facts stated in the petition did not authorize the remedy invoked. The facts alleged are as follows: Both parties are corporations, the appellant was incorporated May 7, 1900, and appellee in January, 1901. The business in which each is engaged and the manner of conducting same is identical. Each has its principal office in Lexington and in the same building. The names are similar in terms and in sound, the only difference being in "Industrial" and "Central." Many of the promoters of appellee company were, before the organization of appellant company, connected with the appellee company. The promoters of defendant company were induced to organize said company, to designate the Merrick Lodge Building as the chief office of said company and to select a name similar to that of the plaintiff with the purpose and intent of drawing away from plaintiff its customers and clientage and promote its own business at the expense and injury of the business of the plaintiff, and had thereby seriously affected plaintiff's business, &c. By the demurrer these allegations are all admitted.

We insist that the authorities sustain our contention, that the petition presents a good cause of action, in fact if it does not, we are ready to believe that cases would be rare indeed where the intervention of a court of equity can be called to prevent intrusions upon the rights of individuals or corporations.

### AUTHORITIES CITED.

37 Conn., 278; Morawetz on Corporations, vol 1, sec. 296; Deady, 609; 72 Fed. Rep., 603; 17th Pa. Co. Ct., 662; 6 Pa. Dist. Rep., 423. 19 Pa. Co. Ct., 271; 16 Pick., 525 Newberry, etc.; 5 Johns, Ch., 101, 1 N. Y. Ch. Led., 1023; 6 Pick., 405-406; 100 U. S., 82 (25 L. ed.) 550; 3 New Eng. Rep., 705, 143 Mass., 592; 4th New Eng. Rep., 75; 54 Conn., 527; 1 New Eng. Rep., 411; 53 Conn., 121; 3 Brewst., 509; 1 Mo. App., 241; Am. Tradum Cas. 596; 6th New Eng. Rep., 577; 68 Cal., 68; 2 West Rep., 408; 20 Mo. App.; 45 Mo., 593; 96 U. S., 245; 2 Barb. Ch. 101; 5 N. Y. Ch. L. Ed., 336; 36 How. Pr., 33, 2 Daly, 312; 3 West Rep., 436; 21 Mo. App., 83; 96 U. S., 245; 11 Paige, 292; 2d Sandf. Ch. 603; 69 N. Y., 271; 45 N. Y., 291; 10 Scot. L. R. 173; 45 Scot Jur., 201; 2 R. I., 566; 4 McLean, 516; 1 Deady, 609; 37 Conn., 278; 149 Mass., 436; 151 Mass., 558; 21 Abb. N. C., 104; 51 L. T. N. S., 597; L. R., 9 Ch. Div., 560; 50 L. J. N. S. Ch., 253; 128 U. S., 598; 48 Nun., 48; 17 L. J. N. S. Cb., 37; 8 U. S., 13 Walling, 325; 61 N. Y., 226-230; 19 Am. Rep., 278; 51 N. Y., 189; 10 Am. Rep.; 45 N. Y., 291; 1 Fed. Rep., 24; 122 Mass., 139; 33 Am. Rep., 337; 52

Industrial Mutual Deposit Co. v. Central Mutual Deposit Co.

Wis., 572; 38 Am. Rep., 756; 50 Conn., 278; 47 Am. Rep., 642; 54 Iowa, 208; 96 U. S., 245; 1 McCrary (U. S.) 385; 45 N. Y. Super. Ct. 258; Deady (U. S.) 609; 19 Ky. Law Rep., 483; 19 Ky. Law Rep., 1087.

FORMAN & FORMAN, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

The sustaining of the demurrer to appellant's petition by the trial court was proper and should be affirmed by this court, because:

1. The words or names "Industrial" and "Central" are dissimilar in sound, spelling, meaning; and *not* being similar in meaning or spelling, and not being *idem sonans* are sufficiently distinctive.

2. The phrase "Mutual Deposit," the real "bone of contention" in this case, is simply descriptive of the *nature* or kind of business conducted by both appellant and appellee; and consequently is not susceptible of exclusive appropriation by either of them, and appellee by embodying it in its corporate name subsequently to appellant did *not* thereby injure a property right or infringe a civil right belonging to complainant. Avery v. Meikle, 81 Ky., pages 85-8, 96-8; Armstrong v. Kleinhans, 82 Ky., 304; Russia Cement Co. v. Le Page, 9 Am. St. Rep., 685; Goodyear's India Rubber Mfg. Co. v. Goodyear, 128 U. S., 598; Neb. Loan & Trust Co. v. Nini, 43 N. W., 348; Hazelton v. Hazelton, 30 N. E. Rep., 339.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant, the Industrial Mutual Deposit Company, filed this suit in the Fayette circuit court to obtain an injunction protecting it in the use of its corporate name, and preventing injury to its business. The court sustained a demurrer to the petition, and dismissed the action. The petition set forth these facts: The plaintiff, the Industrial Mutual Deposit Company, was incorporated on May 7, 1900. The defendant, the Central Mutual Deposit Company, was incorporated in January, 1901. The articles of incorporation of both are similar. The business in which they are engaged, and the method of conducting it, are the same.

Industrial Mutual Deposit Co. v. Central Mutual Deposit Co.

The principal office of both is located in the city of Lexing-
ton, in the Merrick Lodge Building. Many of the promoters
of the defendant before its organization were connected
with plaintiff. They were induced to organize the defend-
ant company, to designate the Merrick Lodge Building as
the chief office of the company, and to select for it the name,
"Central Mutual Deposit Company," which differs from that
of the plaintiff only by the substitution of the word "Cen-
tral" for the word "Industrial," with the purpose and in-
tent of drawing away from plaintiff its customers and client-
age, and of promoting the business of the defendant, to the
injury of the plaintiff's business. By this means it has
seriously damaged the plaintiff, and has drawn away from
it many of its customers. The demurrer admits as true the
allegations of the petition.

The general principle that a corporation's name is its
property, and that equity will protect the corporation from
a fraudulent use of another name so like it as to deceive
the public and rob it of its business, is admitted. Thus,
in Elliott on Private Corporations (section 48) it is said:
"The rule most consistent with principle is that a corpora-
tion will be protected in the use of its name upon the same
equitable principles which protect persons in the use of
trading names and trade-marks." There is, however, one
well-recognized exception to the rule, and this is that a
trade-name consisting simply of a generic term will not be
protected. Thus, in Canal Co. v. Clark, 13 Wall., 311, 20
L. Ed., 581, the plaintiff sold his coal under the trade-name
of "Lackawanna." The defendant's coal also came from the
Lackawanna valley, and he designated it as "Lackawanna coal."
The court held that the name of a district could not thus be
appropriated exclusively, and after saying that such phras-

es as "Pennsylvania wheat," "Kentucky hemp," "Virginia tobacco" could not be protected, it added: "Nor can a generic name, or a name merely descriptive of an article of trade, or its qualities, ingredients or characteristics, be employed as a trade-mark, and the exclusive use of it be entitled to legal protection." In the subsequent case of Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S., 598, 9 Sup. Ct., 166, 32 L. Ed., 535, the court held that a corporation would not be protected in the name of "Goodyear Rubber Company." It said: "Names which are thus descriptive of a class of goods can not be exclusively appropriated by any one. The addition of the word 'company' only indicates that parties have formed an association in partnership to deal in such goods, either to produce or to sell them. . . . Names of such articles can not be adopted as trade-marks, and be thereby appropriated to the exclusive right of any one; nor will the incorporation of a company in the name of an article of commerce, without other specification, create an yexclusive right to the use of the name." To the same effect, see Avery v. Meikle, 81 Ky., 85 (4 R., 759). Under these principles, it would not be maintained that a corporation doing business under the name of the Industrial Mining Company could enjoin another corporation from doing business in the name of the Central Mining Company, or one doing business as the Industrial Lumber Company could enjoin another from doing business as the Central Lumber Company. The words which are identical in the names in controversy are "Mutual Deposit." But these words designate the business followed by the company and are generic terms descriptive of that business as fully as the word "lumber" would be in the case supposed, or the word "mining," and just as the

word "trust" is in the names of the numerous trust companies operating in the State. Both the corporations are doing a mutual deposit business, and as the name is descriptive of the business, neither can appropriate it exclusively.

Judgment affirmed.