# Peoples Trust Co. of Pittsburgh, Appellant, *v.* Safe Deposit & Trust Co. of Pittsburgh.

*Equity—Corporations—Names—Confusion of names.*

A bill in equity to restrain a corporation from filing in the office of the secretary of the Commonwealth a certificate showing its change of name was properly dismissed where the evidence offered by the plaintiff did not sustain the conclusion averred in the bill, namely, that the change of name against which it protested would result in confusion in the business of the plaintiff and defendant.

Argued May 8, 1917. Appeal, No. 83, Oct. T., 1917, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1917, No. 2115, dismissing bill in equity in case of Peoples Trust Company of Pittsburgh v. The Safe Deposit & Trust Company of Pittsburgh. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity praying that defendant be restrained from filing in the office of the Secretary of the Commonwealth a certificate showing the change of its corporate name.

CARPENTER, J., found the following facts:

First. The Safe Deposit & Trust Company of Pittsburgh was incorporated by act of assembly approved January 24, 1867, P. L. 116.

Second. The Peoples Savings Bank of Pittsburgh was incorporated by act of assembly approved April 17, 1868, P. L. 1207.

Third. The Peoples Trust Company of Pittsburgh was incorporated in 1901 pursuant to Act of Assembly of April 29, 1874, P. L. 73, and supplements and amendments thereto.

Fourth. The Safe Deposit & Trust Company owns or controls all the stock of the Peoples Savings Bank.

Fifth. On the 6th day of January, 1917, the said Safe Deposit & Trust Company filed its application with the Secretary of the Commonwealth, for change of name and title to that of "Peoples Savings & Trust Company of Pittsburgh," said application being in due form and pursuant to vote of the stockholders of the applicant taken January 5, 1917.

Sixth. Prior to January 6, 1917, to wit, December 21, 1916, the Peoples Trust Company filed in the office of the Secretary of the Commonwealth, a protest against the change of name set out in Finding No. 5.

Seventh. On January 6, 1917, the Secretary of the Commonwealth approved the action of the Safe Deposit & Trust Company, and the application for change of name, and issued a certificate in accordance therewith.

Eighth. The Safe Deposit & Trust Company is located and conducts its business at the corner of Fourth avenue and Wood street in the City of Pittsburgh.

Ninth. The Peoples Trust Company is located and conducts its business at 1738 Carson street, in said City of Pittsburgh.

Tenth. The location of the Safe Deposit & Trust Company is in the business center of what is popularly known as the "Old City," and the location of the Peoples Trust Company is between 17th and 18th streets

in that portion of the city popularly known as the "South Side."

Eleventh. The places of business of plaintiff and defendant are approximately one and nine-tenths (1.9) miles apart, the sections of the city in which they are respectively located being separated by the Monongahela river.

Twelfth. The evidence offered by plaintiff does not sustain the conclusion averred in the bill, to wit: that the change of name against which it protests will result in confusion in the business of plaintiff and defendant, or, to any appreciable degree, will be detrimental to the interests of either or to their present or prospective customers.

Upon the facts as found the court, inter alia, found the following conclusion of law:

"Fourth. The change of name from Safe Deposit & Trust Company to Peoples Savings & Trust Company is not a violation of the rights of the Peoples Trust Company."

The bill was accordingly dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was in dismissing the bill.

*Edward J. McKenna,* of *McKenna & McKenna,* with him *William II. Lemon,* for appellant.

*Thomas Patterson,* with him *James S. Crawford* and *Patterson, Crawford, Miller & Arensberg,* for appellee.

PER CURIAM, June 30, 1917:

This appeal is dismissed and the decree of the court below affirmed, at appellant's costs, on the tenth, eleventh and twelfth facts found by the learned chancellor below, and the fourth conclusion of law which logically followed them.