THE NEW YORK TRUST COMPANY, Plaintiff, *v.* NEW YORK COUNTY TRUST COMPANY, Defendant.

Supreme Court, New York County, October 6, 1925.

Unfair competition — similarity in names of banking corporations — injunction to restrain defendant from using corporate name in such form as will mislead public — application denied where irreparable damage may be done defendant in advance of trial.

Application by plaintiff, The New York Trust Company, to restrain the defendant from the use of the corporate name, New York County Trust Company, which has been approved by the Superintendent of Banks, on the ground that the use thereof will result in unfair competition and mislead the public by reason of the similarity of the names, should be denied, where the defendant may sustain irreparable damage if an injunction issue, particularly in view of the rapidity with which the case can be reached for trial.

MOTION to restrain the defendant from the use of its corporate name in its present form on the ground that such use will result in unfair competition.

*White & Case* [*Joseph M. Hartfield, Vermont Hatch* and *Chester Bordeau* of counsel], for the plaintiff.

*Daniel J. Mooney*, for the defendant.

LEVY, J.:

The defendant has filed its certificate of incorporation for the conduct of a banking and trust company business under the name " New York County Trust Company," with a capital of $500,000 and a surplus of $250,000. Pursuant to section 23 of the Banking Law it secured the necessary approval of the Superintendent of Banks of the State on the 16th day of July, 1925. It contemplates maintaining its place of business at 97 Eighth avenue, borough of Manhattan. The plaintiff, The New York Trust Company, operates a rather large banking business in New York city at 100 Broadway, with branch offices at Fifty-seventh street and Fifth avenue and Fortieth street and Madison avenue. It does a substantial commercial banking and trust company business and also acts as registrar and transfer agent of the stock of a number of corporations and is designated as the fiscal agent for the payment of numerous bond issues of various corporate organizations.

By this application it is sought to restrain the defendant from the use of its corporate name in its present form, on the ground that such use will result in unfair competition. There are cited two specific instances of confusion resulting, or likely to result, from the similarity of names: *First*, the fact that a large amount

of mail may be misdirected and delayed; and *secondly,* that the plaintiff is spending large sums of money in advertising, of part of the fruits of which it may be deprived by reason of the fact that customers or prospects may be deceived, unintentionally to be sure, into believing that the defendant is a branch or integral part of the plaintiff's institution. The first possibility in this connection is perhaps much more serious to the defendant than even to the plaintiff. The defendant's name being the longer one, it is far more likely that some of its mail may actually reach the plaintiff. The reverse does not seem to me to be probable. In fact, the very affidavits of the plaintiff show that a letter intended for the defendant has reached the plaintiff. This is natural in view of the newness of the defendant's institution, and I think it is safe to assume that in the course of time when the new organization becomes better known to the banking public, the likelihood of this confusion will utterly vanish. The second ground of objection appears to be more serious, that the possibility exists, theoretically in any event, that a number of the public may be led to believe that the defendant's organization is a branch of the plaintiff's. Whether this is of material proportions to justify the granting of injunctive relief in advance of the trial is another consideration. The defendant's business, it is argued, will be of a local character, while that of the plaintiff is more city-wide, national and even international in character. It is a well-known fact that a broader latitude has been allowed in the matter of similarity of names in banking institutions than perhaps in ordinary commercial enterprises. Thus, the " United States Mortgage & Trust Company " has been permitted to exist in the very same community with the " United States Trust Company;" likewise, " New York Savings Bank " and " Greater New York Savings Bank;" also " New York Trust Company " and " Bank of New York & Trust Company." Instances of this sort may be multiplied as strongly supporting the liberal policy in this direction.

While I am not persuaded that the approval of the Superintendent of Banks of the name adopted is a final determination of the matter and not subject to review by the courts, it is an important element to be considered upon a motion of this character. His wide experience with corporate business of this nature and his apparent opinion that no confusion or injury can result, are entitled to weight, particularly at this stage of the proceedings. Moreover, an issue of fact has arisen as to whether the president of the plaintiff has not acquiesced in the use of the name by the defendant, which should as to truth and sufficiency be determined at the trial. I am not unmindful of the decision in *Matter of Albany*

*City Savings Institution* (116 Misc. 561; affd., 200 App. Div. 848), in which the applicant was denied the right to change its name to " Albany City Savings Bank " because it conflicted with " Albany Savings Bank," the name of another institution. This, however, is not decisive or controlling. The two savings banks catered to a similar patronage in a relatively small community; whereas in the instant case, it is strenuously argued, the two institutions appeal to different clienteles in one of the world's financial centers. Besides, the vice of the likelihood of deception of the ultimate consumer, which concededly exists in the ordinary commercial business by reason of similarity of names (*T. A. Vulcan* v. *Myers*, 139 N. Y. 364), cannot be said to apply conclusively in the banking business, where the " consumers " probably have a much greater sense of discrimination than the ordinary buying public.

In view of the rapidity with which the case can be reached for trial not much injury can result from the denial of the plaintiff's application for relief. On the other hand, irreparable damage may be worked the defendant if the injunction were to issue. In that respect its situation is radically different from that in *Matter of Bank of Europe* (109 Misc. 363; affd., 191 App. Div. 905), in which an *ex parte* application previously granted to the petitioner to assume the name " Republic Bank of New York " was vacated at the instance of the " Public National Bank of New York." There the Bank of Europe was not substantially affected by the result because it was still in a position to continue under its old name. The motion is, therefore, denied.