[Civ. No. 15554. Second Dist., Div. Two. Nov. 4, 1946.]

CLYDE GRANT et al., Appellants, v. CALIFORNIA BENCH COMPANY (a Corporation) et al., Respondents.

Shafer & Grimm for Appellants.

Simon & Garbus for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of their demurrer without leave to amend to plaintiffs' first amended complaint in an action for an injunction, accounting and damages for unfair competition, plaintiffs appeal.

It was alleged in the complaint as amended, that plaintiff Clyde Grant had established an advertising business; that in connection with the operation of said business he had spent money, time, work and labor in the exploitation and use of certain benches denominated "courtesy benches"; that such benches were of a distinct combination of features, design, size, shape, color, arrangement and structural combination; that plaintiff Grant had granted a license to his coplaintiff Dewey Robertson to use in the operation of his advertising business a "courtesy bench" similar in type to that used by plaintiff Grant. It was further alleged that defendants, to plaintiffs' damage, were circularizing the public offering to provide bench advertising, and that such literature contained "a photograph and picture of a courtesy bench of the exact distinctive design, style, character of description of courtesy benches of said plaintiffs as the same herein are described and in imitation of the distinct combination of features of design, size, shape, color, arrangement and structural combination of the courtesy benches so used and being used by the plaintiffs."

A general demurrer on the ground that the complaint as amended did not state a cause of action was sustained without leave to amend.

This is the sole question presented for our determination: *Did the complaint as amended state a cause of action?*

This question must be answered in the affirmative and is governed by these rules:

■ (1) Unfair competition is a question of fact and no inflexible rule can be stated as to what conduct will constitute unfair competition. The universal test is whether the public

is likely to be deceived. (*Pohl* v. *Anderson,* 13 Cal.App.2d 241, 242 [56 P.2d 992].)

(2) Even though each feature composing an article may be open to public use, if the ensemble created by defendant produces an object which misleads the public to plaintiff's detriment and to the defendant's advantage, plaintiff has a cause of action for unfair competition. (*Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, 538 et seq. [42 P. 142, 50 Am.St.Rep. 57, 30 L.R.A. 182]; *Nokes* v. *Mueller,* 72 Ill.App. 431, 435; *Hi Land Dairyman's Ass'n* v. *Cloverleaf Dairy,* 107 Utah 68 [151 P.2d 710, 716]. See, also, Nims on Unfair Competition and Trade-Marks (1936, 3d ed.) § 135 p. 378, and *Sun-Maid Raisin Growers* v. *Mosesian,* 84 Cal.App. 485, 495 [258 P. 630].)

Applying the foregoing rules to the facts in the present case, since plaintiffs alleged that to their detriment defendants were copying exactly the design, size, shape, color, arrangement and structural combination of the courtesy benches which plaintiffs had previously used, and that such imitation was misleading to the public, the complaint stated a cause of action and it was a question of fact for the determination of the trier of fact whether or not plaintiffs could substantiate the material allegations of their complaint with competent evidence. Therefore the general demurrer should have been overruled.

There is no merit in defendants' contention that plaintiffs in constructing their "courtesy benches" had complied with the provisions of an ordinance of the city of Los Angeles relative to advertising on benches, and that therefore defendants' act in imitating plaintiffs' product was not unfair competition. The law is settled in California that courts of record do not take judicial notice of municipal ordinances. (See cases cited in 18 Cal.Jur. (1924), § 211, p. 922, note 18; 8 Cal.Jur. 10-Yr.Supp. (1936), § 211, p. 170.) Hence the ordinance is not before this court for consideration. Its provisions are immaterial to a consideration of the question as to whether the complaint as amended states a cause of action or not.

For the foregoing reasons the judgment is reversed with directions to the trial court to overrule the demurrer and to allow the defendants a reasonable time to answer if they be so advised.

Moore, P. J., and Wilson, J., concurred.