VERMONT MOTOR CO., INC. *v.* SAMUEL L. MONK ET AL.

(75 A2d 671)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Vernon J. Loveland* and *Donald Hackel* for the plaintiff.

*Charles J. Marro* for the defendants.

JEFFORDS, J. The plaintiff is a corporation organized in 1932 under the laws of this state. The defendants are partners who began doing business in January, 1948, under their registered firm name. Both parties have their places of business in the City of Rutland. This is a suit in equity seeking an injunction to restrain the defendants from using their registered partnership name. A hearing was had and the chancellor made findings of facts and entered a decree dismissing the plaintiff's bill of complaint for want of equity. The case is here on an exception to this decree.

The following material facts relating to the plaintiff appear in the findings: The purpose for which the plaintiff was formed was to conduct a general garage business which included the sale of all

kinds of motor vehicles and the servicing of the same. After its formation it held the state agency for White trucks. In 1939 this agency was terminated and the plaintiff became a local distributor for Mack trucks. It stopped selling these trucks during World War II. Since giving up its truck franchises, it has sold second-hand trucks and automobiles. During its active years it sold automobile and truck parts. It occupies a two story fire-proof building located on Strongs Avenue. The first floor of this building is, and has been, used for the most part by the Rutland Bus Co. The portion of the structure used by the plaintiff is now used almost exclusively for the warehouse housing of furniture. During the past few years it has done little, if any, business in connection with the selling, repairing and maintaining of motor vehicles. Its corporate existence has been continuous. It has advertised to a limited extent, its annual expenditure being about $81.00. It maintains a telephone listed in its name. It has done business continuously until the present time and it intends to deal in motor trucks in the future.

The material facts as found which pertain to the defendants are as follows: Their business purpose is also the buying, selling and servicing of motor vehicles and the doing of all things incident to the operation of a garage. Since formation, the partnership has been actively engaged in the operation of a garage and a Studebaker Sales agency on route 4 within the city limits. There is a large sign on its building facing the highway with the words "Vermont Motor Sales." It advertises under this name extensively by newspaper, radio and miscellaneous agencies. It has the exclusive Studebaker franchise for the City of Rutland and does an annual business of approximately $300,000, disposing of around 100 new and 300 used cars annually.

The last finding reads as follows: "Though engaged in a competitive business with the Vermont Motor Co., Inc., the operation of the Vermont Motor Sales has not been the cause of any financial damage to the corporation. Some inconvenience has been caused by the mis-delivery of mail."

The exception to the decree raises the one question as to whether it is warranted by the pleadings and supported by the findings. *Hall* v. *Hodgdon,* 114 Vt 63, 64, 39 A2d 195. Anything said in *Abel's Inc.* v. *Newton,* 116 Vt 272 at page 274, 74 A2d 481, is not to be construed as holding to the contrary.

The plaintiff says it does not claim any exclusive property rights

in its trade name. It does claim a preferential right to the words, "Vermont Motor" and says that the defendants by adopting these words as a part of the partnership trade name are engaging in unfair competition with the plaintiff.

It seems to be the universal rule that whether there is unfair competition is a question of fact. For illustrative authorities see *Transparent Ruler Co.* v. *C-Thru Ruler Co.*, 135 Conn 181, 62 A2d 668; *Federal Securities Company* v. *Federal Securities Corporation*, 129 Or 375, 276 P 1100, 66 ALR 934; Ann. 148 ALR 26, note 73; 63 CJ 414. In the Federal Securities case it is stated : "When it has been found that there is a similarity of names, a court does not cease its inquiries and at once grant relief, but proceeds to ascertain whether the other facts are such that deception and injury are likely."

The test to be applied by the trier is well and concisely stated in *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn 13, 20, 147 A 22, 25, as follows: "No inflexible rule can be laid down as to what use of names will constitute unfair competition; this is a question of fact. The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. . . . It is not sufficient that some person may possibly be misled, but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other."

In Nims on Unfair Competition, 2d ed. § 98 it is stated that "The probability of injury resulting from the use of the two names is the test to be applied by the court for the purpose of deciding whether or not the name will conflict." For the necessity of showing actual or probable deception see 63 CJ 396 et seq.

We must construe the findings to support the decree if we can reasonably do so. *Ward* v. *Lyman,* 108 Vt 464, 469, 188 A 892. We will assume, in support of the decree, that the chancellor inferred such facts from those certified up as he ought to have or as he fairly might have done. *Fair Haven* v. *Stannard,* 111 Vt 49, 53, 10 A2d 214.

From the facts here certified it is shown that the business places of the parties are located in different parts of the city. Although

they are engaged in a competitive business, it appears that for the last few years the competition has been very slight. During this period the plaintiff has done very little general garage business, while this business on the part of the defendants has been extensive. The plaintiff's sales of new motor vehicles were confined to trucks and it has not sold these for some time. The defendants are large dealers in a nationally known automobile. The portion of its building used by the plaintiff is used almost exclusively as a storage place. The defendants in the operation of their business have not caused any financial damage to the plaintiff.

From the above and other facts certified, it is clear that the chancellor fairly might have inferred that the trade name of the defendants is not such as to cause confusion or deception in the public mind as between the two businesses resulting, or probably resulting, in injury to the plaintiff. We assume, in support of the decree, that he made such inferences.

It should be noted also in support of the decree that a greater degree of similarity in names will be tolerated where they are geographical or descriptive than where the first name is fanciful and arbitrary. *Federal Securities Company* v. *Federal Securities Corporation, supra.*

The plaintiff relies on the finding that it has been caused some inconvenience by the mis-delivery of mail in support of its claim that the similarity of names causes confusion. It cites three cases in support of this contention. A reading of these cases discloses either that trouble with mail delivery was only one of several reasons for the finding of such confusion as would justify injunctive relief or that the cases were decided as they were on other grounds. We have found no case where such relief was granted for this reason alone. For cases denying such relief for this reason see Ann. 66 ALR at page 972.

Moreover, it does not seem that mere inconvenience without consequent loss is sufficient to warrant injunctive interference. *Heller* v. *Miller,* 33 Pa D & C 257, 5 Sch Reg 329.

*Decree affirmed.*