354 P.2d 48

George F. SENNER, Jr., Jack Buzard and Eddie Williams, members of and constituting the Arizona Corporation Commission, Appellants,

v.

BANK OF DOUGLAS, an Arizona Corporation, Appellee.

No. 6997.

Supreme Court of Arizona.

July 15, 1960.

Wade Church, Atty. Gen., Conner, Jones & Murphy, Tucson, and Kramer, Roche, Burch & Streich, Phoenix, for appellants.

Ryley, Carlock & Ralston, Phoenix, for appellee.

BERNSTEIN, Justice.

The members of the Arizona Corporation Commission (hereinafter called the "Commission") appeal from a judgment of the Superior Court of Maricopa County for a peremptory writ of mandamus directing the Commission to accept for filing an amendment of the articles of incorporation of The Bank of Douglas (hereinafter called the "Bank") changing its corporate name to "The Arizona Bank," and from an order denying the Commission's motion for a trial.

In June 1959 the Bank filed with the Commission a reservation of the name "The Arizona Bank" (see A.R.S. § 10–104, subdivision A, par. 20). Thereafter, the Southern Arizona Bank & Trust Co. filed a protest to the proposed change of name with the Commission, which on July 7, 1959 entered the following order:

"That the application of the Incorporating Department of the Arizona Corporation Commission of The Bank of Douglas to change the name to The Arizona Bank be refused on the grounds and for the reason that the name applied for is similarly deceptive to other banks doing business in the State of Arizona, which are directly in competition with the Bank of Douglas banking business; and would have a tendency to funnel off business that would have come to the other banking institutions except for a similarity of names. This is particularly so in view of the fact that these two institutions are situated next door to each other in Tucson, Arizona."

On July 15, 1959 the Bank presented to the Commission for filing a certified copy of an amendment to its articles of incorporation changing its name to The Arizona Bank. The amendment was accompanied by a letter from the State Banking Department interposing no objection to the change of name, and a certified copy of a resolution of the Board of Directors of Arizona Bank Corporation consenting to the change. The Commission refused to accept the amendment and the Bank petitioned the Superior Court of Maricopa County for a writ of mandamus against the Commission.

After the Superior Court issued an alternative writ, the Commission moved to quash and dismiss on the ground that the Bank's petition failed to state a claim upon which relief can be granted. The Commission also filed a Responsive Pleading which asserted, in sum, that it had properly exercised its discretion in refusing to accept the amendment, for the reason that the proposed change of name was deceptively similar to the names of other existing corporations in the State. In its memorandum the Commission cited Southern Arizona Bank & Trust Co. (allegedly generally known as "Southern Arizona Bank"), as well as two other existing corporations, with allegedly deceptively similar names.

In its order directing the issuance of a peremptory writ of mandamus, the Superior Court stated the issue to be "whether or not the requested name 'The Arizona Bank' is deceptively similar to the name 'The Southern Arizona Bank and Trust Company.'" The court rejected the significance of the "nickname" "The Southern Arizona Bank" and found that the Commission's pleading did "not create issues of fact which are to be tried." The court entered judgment for the Bank and denied each of the Commission's motions.

Both the Bank and the Commission claim to be entitled to judgment on the basis of the pleadings filed in this proceeding. The Commission contends that as no denial was made to its allegation that there were other corporations with names deceptively similar to the Bank's proposed name, such allegation must be assumed to be true. The Bank, on the other hand, claims that the Commission's Responsive Pleading alleges only conclusions, and not "facts," and, accordingly, is legally insufficient.

It is clear that a more detailed or factual pleading by the Commission would have better served the resolution of this proceeding. The Responsive Pleading of the Commission did not state the corporate names which are allegedly deceptively similar to the Bank's proposed name. The first reference thereto was contained in the Commission's memorandum, which was filed with the Superior Court on the same day as the Bank's memorandum was filed. Accordingly, the Bank did not respond to the alleged conflict with these other corporations, although it has attempted to do so in its brief on this appeal. The state of the pleadings also caused the Superior Court to frame the issue in terms of the similarity of the Bank's proposed name with the Southern Arizona Bank & Trust Co. and not with the names of the other two corporations now offered by the Commission. Indeed, on the argument of this appeal, this Court was urged to take judicial notice of the existence of these other two corporations and, apparently, to decide this proceeding de novo.

On the other hand, it is also clear that the allegation in the Commission's Respon-

sive Pleading that "there were corporations of the State of Arizona then existing to which the proposed name The Arizona Bank is deceptively similar" is broad enough to put in issue corporations other than the Southern Arizona Bank & Trust Co. The Commission's order of July 7, 1959 also expressly refers to "other banks," although the statement "that these two institutions are situated next door to each other in Tucson, Arizona" seemingly refers only to the Bank of Douglas and the Southern Arizona Bank & Trust Co.

■ Because of the foregoing and, especially, the public interest involved in the adoption of corporate names by banks doing business in this State, we deem it inappropriate to resolve this appeal on the basis of the form of the pleadings alone.

A.R.S. § 10–122, subdivision 1, provides that

"no corporation shall take a name which is the same as, or deceptively similar to, the name of another existing corporation of this state or of any foreign corporation licensed to do business in this state,"

unless such other corporation properly consents to the use of such name. The initial question is whether mandamus is a proper remedy to compel the Commission to accept articles of incorporation which it has rejected under this section.

The Commission asserts that as the Constitution grants it "the sole power to issue certificates of incorporation" (Article 15, Section 5, A.R.S.Const.), its exercise of that power is not reviewable by the courts, and that in any event mandamus is not a proper remedy to compel the exercise of such a discretionary act.

In Arizona Corporation Commission v. Heralds of Liberty, 17 Ariz. 462, 469, 154 P. 202, 205, this Court, in affirming a mandamus judgment compelling the Commission to issue a license to a fraternal beneficiary society, stated that the meaning of Article 15, Section 5 of the Constitution is that

"* * * the Legislature may not authorize any other commission, board, body, or person to issue certificates and licenses, that right or power being by the Constitution lodged in the Corporation Commission, but it may prescribe by law the kinds and qualifications of corporations and the rules and regulations for the conduct of their business. * * * The commission cannot * * * refuse arbitrarily or capriciously to license those named and possessing the qualifications prescribed by law, and which corporations have complied with all the provisions of the law entitling them to a license."

In Collins v. Krucker, 56 Ariz. 6, 13, 104 P.2d 176, 179, the scope of a writ of mandamus was defined as follows:

"The general rule is that if the action of a public officer is discretionary that discretion may not be controlled by *mandamus*. This rule, however, is qualified by the provision that if it clearly appears that the officer has acted arbitrarily and unjustly and in the abuse of discretion, the action may still be brought." (Emphasis in original.)

See also Hertz Drive-Ur-Self System, Inc. v. Tucson Airport Authority, 81 Ariz. 80, 86, 299 P.2d 1071; Arizona State Highway Commission v. Superior Court, 81 Ariz. 74, 77, 299 P.2d 783; Peters v. Frye, 71 Ariz. 30, 36, 223 P.2d 176.

In Brown v. City of Phoenix, 77 Ariz. 368, 272 P.2d 358, the trial court dismissed petitioner's application for a writ of mandamus to compel the city council of Phoenix to grant it a car rental lease at the municipal airport. This Court held that although the award of leases is in the discretion of the city council, the finding of the trial court that the city council "did not act in an illegal, unfair or arbitrary manner, nor did it act in bad faith" was "clearly erroneous," and directed the issuance of a peremptory writ of mandamus (77 Ariz. at page 377, 272 P.2d at page 364).

This same test has been applied in mandamus proceedings where the appropriate state officer has refused to accept articles of incorporation on the ground that the proposed name of the new corporation is deceptively similar to that of an existing corporation. Thus, mandamus has been refused where the record did not show that the officer "has abused the discretion vested in him by the statute, or that he has acted arbitrarily and capriciously" (Investors Syndicate of America v. Hughes, 378 Ill. 413, 38 N.E.2d 754, 760) and "when it is plainly apparent that the effect [of compelling issuance of a certificate of incorporation] will be to mislead the public in dealing with such corporation" (People ex rel. Felter v. Rose, 225 Ill. 496, 80 N.E. 293, 294); but where "by the uncontradicted record in this case the names are so widely dissimilar as to leave no room for the exercise of discretion or judgment on the part of said public officer which would make it discretionary with him to ignore the existence of patent facts," a writ of mandamus was issued against the public officer (Rixford v. Jordan, 214 Cal. 547, 6 P.2d 959, 962).

We hold that mandamus is a proper remedy where the Commission has clearly abused its discretion in refusing to accept for filing articles of incorporation, or amendments thereto, on the ground that the proposed corporate name is deceptively similar to the names of other existing corporations. Such remedy is not foreclosed by the statutory provisions relating to Judicial Review of Administrative Decisions (A.R.S. Title 12, Chapter 7, Article 6, § 12–901 et seq.), which have been held not

to be *"in all cases,* the *exclusive* and an *adequate remedy"* (State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 227, 326 P.2d 348, 351) (emphasis in original).

■ The question remains whether the Superior Court properly issued a peremptory writ of mandamus on the basis of the record herein. This question must be analyzed separately for the Southern Arizona Bank & Trust Co. and for the other corporations whose names are claimed by the Commission to be deceptively similar to the proposed name The Arizona Bank. The Superior Court held that "Southern Arizona Bank & Trust Co." is not deceptively similar to "The Arizona Bank." There are three considerations which compel us to affirm that conclusion.

■ First, as stated by this Court in Bank of Arizona v. Arizona Central Bank, 40 Ariz. 320, 326, 11 P.2d 953, 955 (in quoting from New York Trust Co. v. New York County Trust Co., 125 Misc. 735, 211 N.Y.S. 785, 786):

> " 'It is a well-known fact that a broader latitude has been allowed in the matter of similarity of names in banking institutions than perhaps in ordinary commercial enterprises.' "

See also, 6 Fletcher, Cyclopedia of Private Corporations, § 2436 (1950); Central Mut. Auto Ins. Co. v. Central Mut. Ins. Co., 275 Mich. 554, 267 N.W. 733, 735 ("probably greater latitude allowed to banks and insurance companies").

Second, each word in the two names is either generic or geographical, and it is apparent that the words are properly descriptive of the business of and area served by each bank. As stated in National Bank in North Kansas City v. Bank of North Kansas City, 238 Mo.App. 19, 27, 172 S.W. 2d 967, 969–970:

> "The word 'bank' is generic, indicating the kind of business carried on by that institution, and no corporation can secure the exclusive right in a given community to the use of that word. * * * It is also the general rule that when they are properly descriptive, the use of geographical words (North Kansas City) in a business name will not be enjoined, in the absence of estoppel or actual fraud, or public misleading."

See also, Industrial Mutual Deposit Co. v. Central Mutual Deposit Co., 112 Ky. 937, 66 S.W. 1032, 1033; Central Mut. Auto Ins. Co. v. Central Mut. Ins. Co., supra.

Third, and of primary significance, the names "Southern Arizona Bank & Trust Co." and "The Arizona Bank" are clearly dissimilar on their face. Indeed, they are less susceptible to public confusion than other banking or insurance company names which have been held, virtually as a matter of law, not to be deceptively similar:

"Buffalo Commercial Bank" and "Bank of Commerce in Buffalo"—"no such similarity, either to the eye or to the ear, in the two names" (In re Bank of Attica, 59 Hun 615, 12 N.Y.S. 648, 649); "Detroit Savings Bank" and "Bank of Detroit"—"dissimilarity or unlikeness * * * so great and so striking that no argument, it seems to us, is necessary" (Detroit Sav. Bank v. Highland Park State Bank of Detroit, 201 Mich. 601, 167 N.W. 895, 897); "Industrial Mutual Deposit Company" and "Central Mutual Deposit Company"—"Both the corporations are doing a mutual deposit business, and, as the name is descriptive of the business, neither can appropriate it exclusively" (Industrial Mutual Deposit Co. v. Central Mutual Deposit Co., supra, 66 S. W. at page 1033); "Los Angeles Savings Bank" and "Los Angeles Trust and Savings Bank"—"the presence of the word 'trust' * * * will sufficiently serve to characterize it and distinguish it * * * to prevent injury * * * and imposition or deceit upon the public" (In re Los Angeles Trust Co., 158 Cal. 603, 112 P. 56, 59); "Michigan Savings Bank" and "Bank of Michigan" (Michigan Savings Bank v. Dime Savings Bank, 162 Mich. 297, 127 N.W. 364); "People's Savings & Trust Company of Pittsburgh" and "People's Trust Company of Pittsburgh" (People's Trust Co. of Pittsburgh v. Safe Deposit & Trust Co. of Pittsburgh, 259 Pa. 62, 102 A. 412); "International Loan & Trust Company" and "International Loan & Trust Company, of Kansas City" (International Trust Co. v. International Loan & Trust Co., 153 Mass. 271, 26 N.E. 693, 10 L.R.A. 758); "Central Mutual Auto Insurance Company" and "Central Mutual Insurance Company" (Central Mut. Auto Ins. Co. v. Central Mut. Ins. Co., supra); "The National Bank in North Kansas City" and "Bank of North Kansas City" (National Bank in North Kansas City v. Bank of North Kansas City, supra); "Industrial Loan & Finance Company" and "Industrial Investment Company" (Industrial Investment Co. v. Mitchell, 164 Ga. 437, 138 S.E. 908, 909). See, generally, Annotations, 66 A.L.R. 948; 115 A.L.R. 1241.

We hold as a matter of law that "The Arizona Bank" is not deceptively similar to "Southern Arizona Bank & Trust Co." and that the Commission clearly abused its discretion in refusing to accept, on that ground, the amendment of the articles of incorporation of The Bank of Douglas.

■ With respect to the other corporations claimed by the Commission to have names deceptively similar to "The Arizona Bank," no finding thereon was made by the Superior Court. Indeed, as noted above, the names of these other corporations are not set forth in the pleadings, nor was the Commission afforded an opportunity to present proof, at a hearing authorized by A. R.S. § 12–2025, to demonstrate that the names of such other corporations are de-

ceptively similar to the Bank's proposed name. If such names are clearly dissimilar, as we have held with respect to the Southern Arizona Bank & Trust Co., no hearing is, of course, necessary; if otherwise, a hearing is required to determine whether any deception may, in fact, arise from the use of the Bank's proposed name.

In the leading case of Bank of Arizona v. Arizona Central Bank, supra, 40 Ariz. 320, 11 P.2d 953, plaintiff, Bank of Arizona, sued to enjoin defendant bank from using the corporate name "The Arizona Bank" or any name containing the words "Bank of Arizona" not modified by other distinguishing words. The suit was based on unfair competition which was described by this Court as "the use by defendant in its banking business of a name so similar to that of plaintiff that confusion will arise among the customers, present and prospective of the two banks * * *" (40 Ariz. at page 321). Thus, the test applied was essentially the same as that applied in cases, such as the instant case, involving the rejection of articles of incorporation by a public officer because the proposed corporate name is deceptively similar to the name of an existing corporation. There, the proceeding was tried by the court, which denied injunctive relief. In affirming the judgment of the trial court, this Court reviewed the evidence disclosed in the record, especially the nature and extent of the business of each bank, the extent of com-

petition between them and the possibility of confusion to the public. See also, Lininger v. Desert Lodge, 63 Ariz. 239, 160 P.2d 761; Boice v. Stevenson, 66 Ariz. 308, 187 P.2d 648.

A similar hearing may be necessary in the instant case to resolve, on the basis of the factors outlined in Bank of Arizona v. Arizona Central Bank, supra, the issue whether there are existing corporations, other than the Southern Arizona Bank & Trust Co., whose names are deceptively similar, either as a matter of law or fact, to the proposed name "The Arizona Bank." This issue must be considered by the Superior Court, which must then determine whether The Bank of Douglas is entitled to a peremptory writ of mandamus herein.

The judgment and order appealed from are affirmed in so far as they relate to the Southern Arizona Bank & Trust Co., and are otherwise reversed and remanded for further proceedings not inconsistent with this opinion.

STRUCKMEYER, C. J., and PHELPS and UDALL, JJ., concur.

JOHNSON, Justice (concurring in part and dissenting in part).

I concur in the majority opinion remanding the action to the trial court to determine as a matter of fact whether there are existing corporations, other than the Southern Arizona Bank & Trust Company, whose names are deceptively similar to the

proposed name "The Arizona Bank". I respectfully dissent with the majority opinion which arbitrarily concludes as a *matter of law* that the name "The Arizona Bank" is not deceptively similar to "Southern Arizona Bank & Trust Co."

I agree with the majority that the same test must be applied in the case at bar as was applied in Bank of Arizona v. Arizona Central Bk., 40 Ariz. 320, 11 P.2d 953. There the suit was based on unfair competition, and on appeal this court reviewed the *evidence disclosed in the record*, considering especially the nature and extent of the business of each bank, the extent of competition between them and the possibility of confusion to the public. This jurisdiction is therefore definitely in accord with the universal rule that whether there is unfair competition is a question of fact. In Boice v. Stevenson, 66 Ariz. 308, 187 P.2d 648, 653, we quoted with approval Grant v. California Bench Co., 76 Cal.App.2d 706, 173 P.2d 817, as follows: "Unfair competition is a question of fact and no inflexible rule can be stated as to what conduct will constitute unfair competition. The universal test is whether the public is likely to be deceived. * * *" Vermont Motor Co. v. Monk, 116 Vt. 309, 75 A.2d 671; Winfield v. Charles, 77 Cal.App.2d 64, 175 P.2d 69; 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 70. The question to be determined in each particular case is whether, as a matter of fact, the name is such as to cause confusion in the public mind as between the competing businesses; and as was stated in Middletown Trust Co. v. Middletown Nat. Bank, 110 Conn. 13, 147 A. 22, 25, "* * * Whether the court will interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; * * * the extent of the confusion which may be created or apprehended, and other circumstances which might justly influence the judgment of the judge in granting or withholding the remedy."

With these established principles of law in mind it is difficult to understand how the trial court could come to the conclusion that as a *matter of law* the name "The Arizona Bank" is not deceptively similar to "Southern Arizona Bank & Trust Co." (which conclusion is sustained by the majority opinion) without permitting the appellants to present evidence to sustain their allegations in their responsive pleading to the effect that the proposed change of name to the Arizona Bank would be similarly deceptive to other banks doing business in the state, which are directly in competition with the Bank of Douglas and would have a tendency to funnel off business that would have come to the other banking institutions except for a similarity of names; and that such is particularly so in view of the fact that the Bank of Douglas and the Southern

Arizona Bank & Trust Co., are situated next door to each other in Tucson, Arizona.

While the majority has correctly stated the test to be applied in the determination of an action of this nature as decided by this court in Bank of Arizona v. Arizona Central Bk., supra, it then completely fails to give any consideration to the test so established. Upon what facts did the majority base its conclusion that the proposed name change was not deceptively similar? What evidence was before the court to determine the extent of the competition between the two banks or the possibility of confusion to the public? Of course, the answer is obvious there were no facts presented upon which a determination of these matters could be made.

The majority opinion cites In re Bank of Attica, 59 Hun. 615, 12 N.Y.S. 648; Detroit Sav. Bank v. Highland Park State Bank of Detroit, 201 Mich. 601, 167 N.W. 895; Michigan Savings Bank v. Dime Savings Bank, 162 Mich. 297, 127 N.W. 364; Industrial Mutual Deposit Co. v. Central Mutual Deposit Co., 112 Ky. 937, 66 S.W. 1032; In re Los Angeles Trust Co., 158 Cal. 603, 112 P. 56; People's Trust Co. of Pittsburgh v. Safe Deposit & Trust Co. of Pittsburgh, 259 Pa. 62, 102 A. 412; International Trust Co. v. International Loan & Trust Co., 153 Mass. 271, 26 N.E. 693, 10 L.R.A. 758; Central Mut. Auto Ins. Co. v. Central Mut. Ins. Co., 275 Mich. 554, 267 N.W. 733 and National Bank in North Kansas City v. Bank of North Kansas City, 238 Mo.App. 19, 172 S.W.2d 967, stating that these cases held "virtually" as a matter of law not to be deceptively similar in their names. A reading of these decisions will reveal that in each instance the determination was made only after evidence and proof had been presented and in none of the cases did the court come to a conclusion as a matter of law without proper proof. Furthermore, not one of the cases cited and relied upon by the majority denies the right of a party to present evidence if it can, to substantiate the allegations in support of its position. It appears to be clearly decided that it is the duty of the court to look at the circumstances to determine the issue. Obviously each case must be determined upon the particular facts at bar. No bare holding as to names in one case can possibly support a decision as a *matter of law* in another case because the circumstances of each must govern.

Whether the appellants in the case at bar can establish, by their proof, the matters alleged in their responsive pleading, is not before the court at this time. However, I am firmly of the opinion that such pleading does raise a question of fact and that the appellants are entitled to their day in court. I would reverse the judgment of the lower court and remand the entire case for trial.