CENTRAL MUTUAL AUTO INSURANCE CO. *v.* CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO.

1. CORPORATIONS—GEOGRAPHICAL WORDS IN NAME.

Name of foreign corporation similar to that of domestic or other foreign corporation already admitted to do business in this State is not deemed sufficiently similar as to lead to confusion or deception where each name contains the name of a different locality as a part of its corporate name (Act No. 327, § 6, Pub. Acts 1931).

2. SAME—INSURANCE COMPANIES—NAMES.

Section of corporation code relative to similar names does not, by its terms, apply to insurance companies (Act No. 327, § 6, Pub. Acts 1931).

3. INSURANCE—FOREIGN COMPANIES—ADMISSION TO DO BUSINESS—CERTIFICATE OF AUTHORITY.

A foreign insurance company, applying for admission to do business in this State, must secure certificate of authority to do so from commissioner of insurance after he has examined it and found it has complied with laws of this State applicable thereto (3 Comp. Laws 1929, § 12312).

4. SAME—NAMES—FOREIGN CORPORATIONS—STATUTES.

A foreign insurance company whose name is the same as or closely resembles the name of any other company, organized under or admitted to do business in this State, shall not be admitted to do business in this State (3 Comp. Laws 1929, § 12325).

5. CORPORATIONS—NAMES.

One corporation may not adopt a name so similar to that of another as to draw to itself the business intended for that other.

6. SAME—NAMES—FRAUD—EQUITY—INJUNCTION.

It is a fraud upon the public and the corporation which has used a name for such a length of time as to become identified by that name for others to assume that name under such circumstances as to mislead the public into believing it is dealing with the original corporation, and if, on account of such assump-

tion, injury will result to corporation first adopting the name, equity will enjoin further perpetration of the wrong.

7. Insurance—Admission of Foreign Companies—Commissioner—Employees.

In the admission of foreign insurance companies to do business in this State, action of commissioner of insurance governs and is not modified by action of his employees (3 Comp. Laws 1929, § 12312).

8. Same—Foreign Companies—Names—Injury to Domestic Company.

Action of commissioner of insurance in admitting foreign insurance company to do business in this State is the action of a public official with power of preventing wrong to domestic company having similar name and his determination in such respect is entitled to great weight and not to be set aside without positive proof of substantial or probable injury to domestic corporation; mere fear or possibility of injury being insufficient.

9. Same—Names—Foreign Companies—Injury to Domestic Company.

The court of equity is not an insurer against ignorance or carelessness of particular individuals and will not enjoin use of corporate name of foreign insurance company after its admission to do business in this State except upon showing that similarity of foreign company's name to that of domestic company already here will mislead, or probably mislead, the public to the detriment or injury of the latter.

10. Corporations—Names—Banks—Insurance Companies.

Probably greater latitude is allowed to banks and insurance companies in the similarity of names used than in case of ordinary mercantile corporations.

11. Same—Insurance—Commonly Used Names—Statutes.

In suit by domestic insurance company against foreign insurance company with name similar to that of plaintiff to enjoin use of latter's corporate name in this State, fact that plaintiff claims it has become commonly known by names consisting of words common to both company names *held*, immaterial since the corporate name is the only name recognized in the statutes relative to corporations and insurance companies (3 Comp. Laws 1929, § 12325, Act No. 327, § 6, Pub. Acts 1931).

12. SAME—GEOGRAPHICAL NAMES—FRAUD.

Generally, where geographical names are properly descriptive, their use will not be enjoined in the absence of actual fraud or public misleading.

13. SAME—INSURANCE—NAMES—EVIDENCE—INJUNCTION.

In suit by domestic insurance company to enjoin use of similar name, to which was added a geographical name, by foreign insurance company, which had been admitted to do business in this State, evidence of confusion in business between the two companies *held*, too trivial to justify injunctive relief.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 22, 1936. (Docket No. 74, Calendar No. 38,870.) Decided June 4, 1936.

Bill by Central Mutual Auto Insurance Company, a Michigan corporation, against Central Mutual Insurance Company of Chicago, an Illinois corporation, to restrain the use of latter's corporate name in this State and for other relief. Decree for plaintiff. Defendant appeals. Reversed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Edward N. Barnard,* for defendant.

POTTER, J. Plaintiff, a domestic insurance company, having its principal office and place of business in Detroit, Michigan, seeks to restrain defendant, a foreign insurance company admitted to do business in the State of Michigan, from using the name "Central Mutual Insurance Company" in the State of Michigan, and from representing to the public or insurance agents or any other person, firm or corporation that defendant is the same concern as plaintiff, or from representing it contemplates the purchase of plaintiff's business, or that plaintiff contemplates selling its business to the defendant, and

for other relief. From a decree for plaintiff, defendant appeals.

The sole question discussed arises out of the similarity of names.

The general corporation law, Act No. 327, § 6, Pub. Acts 1931, provides:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception: *Provided,* That in the case of a foreign corporation applying for admission to this State whose name is similar to that of any domestic corporation or of any foreign corporation already admitted into this State, but each having respectively the name of a different locality as a part of its corporate name, such names so distinguished shall not be deemed sufficiently similar as to lead to confusion or deception: And *provided further,* That no corporation formed or existing under or subject to the provisions of this act shall assume any name which implies that it is a banking corporation, an insurance or surety company or a trust company, and no such corporation shall use the words, 'bank,' 'industrial bank,' 'deposit,' 'insurance,' 'surety,' 'security,' 'trust,' 'trust company,' or 'guaranty' or 'building and loan' in its corporate name, or use any combination of the letters or words along with other letters or words in its corporate name to indicate or convey the idea of a bank or banking or industrial banking activity or security."

It is obvious the general corporation law "to prescribe the terms and conditions upon which foreign corporations may be admitted to do business within this State" (title to Act No. 327, Pub. Acts 1931) does not militate against defendant. The statute above quoted expressly provides that though the

name of a foreign corporation admitted to do business in Michigan is similar to a domestic or another foreign corporation already admitted, but each having respectively the name of a different locality as a part of its corporate name, it shall not be deemed sufficiently similar as to lead to confusion or deception.   This statute does not by its terms apply to insurance companies.

When an insurance company organized under the laws of another State or country applies for admission to do business in Michigan,

"The commissioner of insurance shall examine such application and if satisfied that such applicant is safe, reliable, and entitled to public confidence and is possessed of the capital and assets required of like companies organized in this State, is authorized to do the kind or class of insurance it seeks to transact, and has complied in all other respects with the laws of this State, as applicable thereto, he shall issue his certificate of authority to such applicant." 3 Comp. Laws 1929, § 12312.

Among the other laws applicable to foreign corporations seeking to be admitted to do business in this State with which the foreign corporation seeking admission must comply is 3 Comp. Laws 1929, § 12325, which provides:

"No foreign insurance company shall be admitted to do business in this State whose name is the same as or closely resembles the name of any other company organized under or admitted to do business under the laws of this State."

One corporation may not adopt a name so similar to that of another as to draw to itself the business intended for that other.   The correct principle is that where a corporation has, and has used, a name

for such a length of time as to become identified by that name, it is a fraud upon the corporation and the public if that name be assumed by others under such circumstances as to mislead the public into believing it is dealing with the original corporation; and where injury will result to the corporation first adopting the name on account thereof, a court of equity will enjoin the further perpetration of the wrong. *Supreme Lodge Knights of Pythias* v. *Improved Order Knights of Pythias,* 113 Mich. 133 (38 L. R. A. 658); *People's Outfitting Co.* v. *People's Outlet Co.,* 170 Mich. 398.

There is no claim the names of plaintiff and the defendant are the same. The important question is whether the name of defendant so closely resembles the name of plaintiff that its use will be enjoined by a court of equity.

The defendant company was admitted to do business in this State by the commissioner of insurance. Some discredit is sought to be thrown upon the order of the commissioner of insurance by the testimony of an employee in the insurance department. The action of the commissioner of insurance governs and is not to be modified by the action of his employees. The action of the commissioner of insurance indicates he was not impressed that confusion would arise from defendant's admission to do business in the State. *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.,* 204 Mich. 293. The action of the commissioner of insurance in authorizing defendant to do business in this State is the action of a public official to whom has been delegated the power of preventing any wrong to plaintiff by reason of the similarity of the name of defendant with that of plaintiff, and his action is entitled to respect. His

determination, while not final and conclusive, is entitled to great weight and is not to be set aside or overthrown without positive proof of substantial injury or probable injury to plaintiff. Mere fear or possibility of injury is not sufficient. *Young & Chaffee Furniture Co.* v. *Chaffee Bros. Furniture Co., supra.*

There may be some confusion resulting from the similarity of the names of plaintiff and defendant, but the confusion of which the court takes cognizance must be something more than that resulting from carelessness or ignorance on the part of the uninformed. The strong arm of a court may not, in equity and good conscience, be invoked on account of anything over which defendant has no control. Defendant is not an insurer against the ignorance or carelessness of particular individuals and may be enjoined from the use of its corporate name after admission to do business in the State by the commissioner of insurance by that name, only upon a showing the similarity of its name to that of plaintiff will mislead, or probably mislead, the public to the detriment or injury of plaintiff. *Federal Securities Co.* v. *Federal Securities Corporation,* 129 Ore. 375 (276 Pac. 1100, 66 A. L. R. 934); 6 Fletcher on Corporations (Perm. Ed.), p. 57.

There is probably greater latitude allowed to banks and insurance companies in the similarity of corporate names than in the case of ordinary mercantile corporations. *New York Trust Co.* v. *New York County Trust Co.,* 125 Misc. 735 (211 N. Y. Supp. 785); *Standard Accident Ins. Co.* v. *Standard Surety & Casualty Co. of New York,* 53 Fed. (2d) 119.

Plaintiff claims that notwithstanding its corporate name, it has become known by the name "Central

Mutual Insurance Company'' and as ''Central Mutual'' and its insurance policies as ''Central'' policies. This is immaterial. The plaintiff must stand or fall on its corporate name. The statutes above quoted recognize the corporate name only. *Detroit Savings Bank* v. *Highland Park State Bank of Detroit,* 201 Mich. 601.

The defendant has as a part of its name ''of Chicago.'' It is a general rule that where geographical names are properly descriptive, their use will not be enjoined in the absence of actual fraud or public misleading. *Michigan Savings Bank* v. *Dime Savings Bank,* 162 Mich. 297 (139 Am. St. Rep. 558).

The cases of confusion in business between the two insurance companies here involved are, under the proof, trivial in character, and within the rule of *Saunders* v. *Sun Life Assurance Company of Canada* (1894), 1 Ch. 537 (63 L. J. Ch. 247, 69 L. T. 755); *Standard Accident Ins. Co.* v. *Standard Surety & Casualty Co. of New York, supra; New York Trust Co.* v. *New York County Trust Co., supra.* Plaintiff is not, under the proof, entitled to the relief prayed.

Decree of the trial court is reversed and bill of complaint dismissed, with costs to defendant.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.