**SALLY CHAIN STORES, Inc., v. SALLY'S FUR STUDIO, Inc.**

**No. 218.**

District Court, E. D. Michigan, S. D.

July 9, 1941.

Hill, Hamblen, Essery & Lewis, of Detroit, Mich., for plaintiff.

Weiswasser, Jaffe & Radner, of Detroit, Mich., for defendant.

PICARD, District Judge.

This is an action to prevent infringement of a trade-mark alleging unfair competition and asking for damages.

Plaintiff is the owner of several trade-marks on the name "Sally" in connection with its merchandise, chiefly women's wearing apparel and in all its advertising and labels, boxes, packages, etc. uses the trade name "Sally". It is a Delaware Corporation and owns eight stores in Chicago, Illinois, thirteen additional in and about that vicinity and the State of Michigan. Among its merchandise it sells cloth coats fur trimmed and short fur jackets. The cloth coat end of its business is substantial but the fur coat part is incidental.

Defendant is incorporated under the name of "Sally's Fur Studio, Inc.". It sells fur coats, wraps, etc. and also cloth coats fur trimmed, but the cloth coat part of defendant's business is no greater comparatively than the fur end of plaintiff's business.

Plaintiff has been using the name "Sally" since about 1926, coming to Detroit in 1930 when its name was chiefly associated with millinery and frocks. At about the same time there came into existence in Detroit also a small store operating under the name of "Sally Sheer Hosiery". Any other items of women's apparel that the Sally Sheer Hosiery handles afford no real competition to either defendant or plaintiff.

Defendant's chief stockholder is Ida Blum who had been in business with her husband for a number of years, but marital troubles forced discontinuance of one enterprise after another until 1934 when she incorporated Sally's Fur Studio, Inc., as a Michigan corporation. Her merchandise likewise carries the label "Sally".

Plaintiff claims the exclusive right to use the name "Sally" in connection with all women's wearing apparel and also alleges that defendant has been guilty of unfair competition in its advertising. Defendant claims the right to use the name "Sally" among other reasons because Ida Blum's middle name in Jewish translated into English is said to be "Sally", but this court finds that many Jewish people would interpret her middle name as "Sarah". The proofs show, however, that she has been known to her friends and customers for a long time as "Sally". Her store is not located near plaintiff. It is in a remodeled home. Her radio programs and advertising feature the personal appearance of Mrs. Blum as "Sally", and the public is invited "to meet Sally". As soon as plaintiff learned that defendant was in business as Sally's Fur Studio, Inc., it gave notice that it would claim infringement. Then two or three years passed during which time letters were exchanged but defendant right from the start took the position that it was not infringing upon plaintiff's trade-mark in any way and during the last few years has built a considerable business.

Plaintiff sought to prove that the public became confused in the names and brought in witnesses who said they had been mixed up by the two shops. There have been no allegations of fraud on the part of defendant. As a matter of fact, plaintiff waived any fraud and we are very doubtful if there has been any semblance of fraud shown except that defendant has evidently been keenly alive to the advertising that has been given the name "Sally" by plaintiff and others in practically every one of life's endeavors including the stage, radio, song, drama, opera, beauty parlors and women's apparel from shoes to hats. The evidence shows wide use of the name "Sally" as a trade-mark, generally, however, in connection with some other name, such as "Sally Ann" or "Sally Lee". In fact, today it is perhaps the most utilized name in business and has been for years. In the State of Michigan the word "Sally" was used in connection with women's wearing apparel since 1924. Plaintiff admits all this but contends that it was the first business enterprise to extensively use "Sally" in the women's wearing apparel field in the

vicinity of Detroit and because of that its trademark gives it the exclusive right to use of that name in this particular line of merchandise and in this particular area. Hanover Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141.

Plaintiff does not claim that it has the exclusive right to the name "Sally" except in connection with women's wearing apparel. American Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

■■ This court finds that there is no similarity of names between Sally Frocks Shops (as plaintiff is listed in the directories) and Sally's Fur Studio, Inc. Central Mutual Auto Ins. Co. v. Central Mut. Ins. Co., 275 Mich. 554, 267 N.W. 733.

No one would confuse the two ordinarily, and surely unless we are prepared to rule that a name that has withstood the onslaught of many attacks, friendly and otherwise, predating the existence of the Talmud, now belongs to plaintiff corporation whenever used as a label or trademark for women's goods thus inviting innumerable future law suits in this area, we must hold that there is no infringement of the copyright. In fact, there can be no exclusive use of the "name" Sally standing alone. Columbia Mill Company v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L.Ed. 1144; Spiegel v. Zuckerman, 2 Cir., 188 F. 63; American Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

It is not a "new, strange, catchy" original word, but one long used in the United States in the women's field. "Sally Frocks", "Sally Furs", "Sally Lipstick", "Sally Bouquets", "Sally Wraps", yes, but not "Sally" alone any more than "John", "William" or any other given name. France Milling Co. v. Washburn-Crosby Co., 2 Cir., 7 F.2d 304.

■ Hopkins, on Trademarks, Tradenames and Unfair Competition, Fourth Edition, p. 415: "The fact that the complainant's trade-mark is registered does not deprive the public of the right to use a similar mark which was common to the trade before the registration."

■ This court also finds that even if there were no evidence of prior use of the name "Sally" in this trade area in relation to women's apparel, although defendant produced a current advertisement of one Detroit department store showing "Sally Shoes", nevertheless there is no denying that "Sally" has been used to advertise women's apparel long before plaintiff was incorporated, usually by national firms. Undoubtedly many of them operated in Michigan, but in Columbia Mill Company v. Alcorn, supra, it is held that where a name was previously appropriated and used in a certain field it could not be exclusively appropriated thereafter by another in another field.

■ We find, therefore, in addition that plaintiff did not first enter the Michigan field with the word "Sally" as a trade-mark for women's apparel; that even if it had there is no conflict between the names of the respective corporations. We do not, however, hold that there has been laches on the part of plaintiff in bringing its action. We hold on the contrary that defendant having received notice when entering its corporate life that an infringement would be claimed, proceeded at its peril. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972.

■■ There is one contention made by plaintiff, however, that we feel has been substantiated and calls for some redress, though no money damages have been shown. Kellogg Toasted Corn Flake Co. v. Quaker Oats Co., 6 Cir., 235 F. 657. And this regardless of whether there was or was not intent. Queen Mfg. Co. v. Isaac Ginsberg & Bros., 8 Cir., 25 F.2d 284. Consciously or unconsciously even the scroll and type of lettering of the name "Sally" as used by plaintiff has been copied by defendant and in the preliminary stage it was apparent that defendant was not adverse to receiving any benefits that might come to it as a result of the advertising of its larger business rival, if not competitor. It is apparent also that designedly or by chance, the words "Fur Studio" in defendant's advertising are usually smaller and accordingly less noticeable than the word "Sally". After all there can be unfair competition without an infringement of a copyright. We have held that the name "Sally" cannot be copyrighted but where a firm has been in business for a number of years under the style name of "Sally Frocks" and all its literature bears the name "Sally", to have a new business copy the scroll and the benefits of the advertising of the original "Sally" by a division of its corporate name in such a manner that the word "Sally" stands out and one must look carefully to see

"Fur Studio"—is unfair competition. Therefore this court orders that henceforth defendant not use its name on its boxes, packages, etc., except that where it uses the name "Sally" there shall also appear at least the name "Fur Studio" with the same prominence in type as the word "Sally", and that in its advertising it shall desist from such expressions or words or language as to create the impression that might be unfair and prevent plaintiff from gathering the full fruits of its early endeavors.

The parties may prepare a decree for this court to sign either individually or if they can agree upon its terms they may present the same to the court jointly.

While the plaintiff has failed in a portion of its case, it has been granted some relief and there should be a presentation of the costs to this court. If the parties cannot agree upon costs the court may then allow such costs to the plaintiff as it deems advisable in view of this opinion.