The **GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**, Plaintiff,

v.

**GUARDIAN NATIONAL LIFE INSURANCE COMPANY**, Defendant.

**Civ. A. No. 7110.**

United States District Court E. D. Louisiana, New Orleans Division.

Jan. 17, 1958.

Montgomery, Barnett, Brown & Read, Peter H. Beer, New Orleans, La., for plaintiff.

Henican, James & Cleveland, C. Ellis Henican, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff, a large life insurance company doing business throughout the United States, brings this action against defendant, an industrial life insurance company qualified to do business only in the State of Louisiana, charging unfair competition in that defendant is using a

name deceptively similar to that long used by the plaintiff. The matter is before the court on application for temporary injunction prohibiting the defendant from using the word "Guardian" in its name. The Court, having considered the evidence, the argument and briefs of counsel, now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. (a) The Guardian Life Insurance Company of America, plaintiff, is a corporation organized under the laws of the State of New York under the name of Germania Life Insurance Co., but in 1918 its name was changed to its present name.

(b) The Guardian Life Insurance Company of America has been qualified to do business in the State of Louisiana for approximately thirty-eight years.

(c) The Guardian Life Insurance Company of America is engaged in selling life insurance and accident and health insurance throughout the United States, including the State of Louisiana.

2. (a) The Guardian National Life Insurance Company, defendant, is a Louisiana corporation with its domicile in the City of New Orleans, having been organized in June, 1955.

(b) The Guardian National Life Insurance Company operates only within the State of Louisiana and holds a certificate from the Insurance Commissioner of the State of Louisiana, authorizing it to write industrial life insurance under the provisions of LSA–R.S. 22:251 et seq.

(c) According to the Louisiana Insurance Code (LSA–R.S. 22:1 et seq.), a domestic industrial insurer is authorized to write life insurance for which premiums are regularly payable and collectible and the policies or benefit certificates for which:

(1) Do not exceed $1,250 on a single life; or

(2) Provide a weekly cash benefit for disability caused by sickness or accident, of not over $40 per week; or

(3) Provide for hospitals, drugs and general physician and surgical costs; or

(4) Provide for a funeral.

3. At the time that this suit was instituted and from about January, 1957, the Guardian National Life Insurance Company issued its own policies (a) of diminishing term and level term life insurance insuring the lives of borrowers from finance companies throughout the State of Louisiana for not more than $1,250 each on forms approved by the Louisiana Insurance Commissioner; and (b) its own non-cancellable health and accident policies on forms approved by the Louisiana Insurance Commissioner for a domestic industrial insurer.

4. The Secretary of the State of Louisiana accepted the charter of the Guardian National Life Insurance Company, knowing of the existence of the Guardian Life Insurance Company of America, because he did not consider that the names of the two corporations were deceptively similar within the meaning of the Louisiana Insurance Code.

5. There is no evidence at this time to the effect that Guardian National Life Insurance Company was either organized or has been operated for the purpose of unfairly using the name of the Guardian Life Insurance Company of America, or of any of its signs, symbols, insignia, slogans or methods of doing business for the purpose of diverting business to Guardian National Life Insurance Company which otherwise might be received by the Guardian Life Insurance Company of America. There is likewise no evidence at this time to show that any person has ever been misled or deceived by the defendant into believing that the Guardian National Life Insurance Company was in fact the Guardian Life Insurance Company of America.

6. Prior to November, 1955, there was some confusion by the United States Post Office authorities in New Orleans as a result of which mail addressed to the Guardian National Life Insurance Company (the address of which was not then listed in the local telephone directory)

was delivered to the office of the Guardian Life Insurance Company of America (the name of which was and is listed in the New Orleans Telephone Directory). On two occasions of very recent date, a letter containing a request for settlement form apparently not intended for Guardian National Life Insurance Company was sent by mail by the Northwestern National Life Insurance Company of Green Bay, Wisconsin, in an envelope addressed to the Guardian National Life Insurance Company, 510 Maritime Building, New Orleans, Louisiana, and this letter was delivered to its addressee. Another instance where there might have been some confusion in the use of the mails was when the Hardware Mutuals Insurance Company addressed a form to the Guardian Life Insurance Company of America, "c/o Paul N. Wogan, Maritime Building, New Orleans, La." The name of neither the Guardian Life Insurance Company of America nor of Paul N. Wogan appeared on the Tenants' Directory of the Maritime Building. Since the Guardian National Life Insurance Company has its office in the Maritime Building, the postman delivered the letter to that office.

7. There is no evidence at this time that the Guardian National Life Insurance Company competes, directly or indirectly, with the Guardian Life Insurance Company of America and there is no evidence at this time to show that the Guardian National Life Insurance Company ever succeeded in obtaining or made any effort to obtain any customers of the Guardian Life Insurance Company of America.

8. In addition to plaintiff and defendant, there are two other insurance companies that employ the name of "Guardian," namely, "Guardian Underwriters Insurance Company of Dallas" and "The National Guardian Life Insurance Company of Madison, Wisconsin."

9. The Guardian National Life Insurance Company has never had and does not now have any salesmen or solicitors, its only agents being the managers or some other persons employed by the finance companies with which it does business throughout the State of Louisiana.

10. The Guardian National Life Insurance Company has delivered its policies directly to members of the public for approximately twelve months, and since there have apparently not been instances where the defendant has secured its business through unfair means and through the use of the reputation, good will and selling methods of the plaintiff, the plaintiff has not had and is not threatened at this time with irreparable damage.

11. There is no evidence at this time to support the claim that the plaintiff has suffered loss as a result of the alleged deceptive similarity of the corporate names of the plaintiff and the defendant.

12. The defendant presently has outstanding approximately 15,000 insurance policies throughout the State of Louisiana; and the granting of a preliminary injunction herein will involve the defendant in considerable expense, effort and loss of time before a hearing on the merits is had.

### Conclusions of Law.

1. Under the Louisiana Insurance Code, the Secretary of State may refuse to issue a certificate of authority to a domestic insurer if its name is the same as or deceptively similar to the name of any other domestic or foreign insurance company. LSA–R.S. 22:32; see Continental Ins. Co. v. Martin, 213 La. 147, 34 So.2d 405.

2. The acceptance by the Secretary of State of the State of Louisiana of the defendant's corporate name as not being deceptively similar to plaintiff's corporate name is entitled to weight by this Court. Standard Acc. Ins. Co. v. Standard Surety & Casualty Co., D.C., 53 F.2d 119, 121.

3. The mere confusion in the delivery of the United States mail carries very little, if any, weight in showing that the two corporate names are deceptively similar. Vick Chemical Co. v. Thomas Kerfoot & Co., 80 F.2d 73, 76, 23 C.C.

P.A., Patents, 752; Continental Ins. Co. v. Martin, supra.

4. A motion for a temporary injunction is addressed to the sound discretion of the Court, and where damage to the defendant would be substantial were the temporary injunction granted and the permanent injunction eventually denied, while injury to plaintiff would be inconsiderable were the temporary injunction denied and the permanent injunction eventually granted, the Court should maintain the status quo and deny the application for the temporary injunction. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972.

Motion for temporary injunction denied.