**METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**METROPOLITAN INSURANCE COMPANY, formerly Highway Insurance Company, a corporation, Defendant.**

Civ. A. No. 59 C 378.

United States District Court
N. D. Illinois, E. D.

Nov. 30, 1959.

Peterson, Lowry, Rall, Barber & Ross, Owen Rall, Herbert C. Loth, Jr., Chicago, Ill., for plaintiff.

Frank Greenberg, Donald L. Thompson, Halbert O. Crews, Chicago, Ill.

(Peebles, Greenberg & Keele and Meyers & Matthias, Chicago, Ill., of counsel), for defendant.

MINER, District Judge.

This cause came on for trial and the court, having heard the evidence and considered the stipulation of the parties, finds the facts and states the conclusions of law as follows:

### Findings of Fact.

(1) Plaintiff, Metropolitan Life Insurance Company, is a mutual life insurance corporation, organized and existing under the laws of the State of New York, and is a citizen of that State.

(2) Defendant is a corporation organized and existing under the laws of the State of Illinois and is a citizen of that State.

(3) The jurisdiction of this Court is founded upon diversity of citizenship between the parties, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $10,000.

(4) Plaintiff, Metropolitan Life Insurance Company, has transacted business as a life insurance company under its present name, Metropolitan Life Insurance Company, for more than ninety years, to wit: continuously since on or about March 24, 1868.

(5) More than ninety years ago, to wit: on or about July 15, 1868, plaintiff, Metropolitan Life Insurance Company, was licensed by the State of Illinois to do business in Illinois, and, with the exception of a short period between 1880 and 1881, has thereafter continually transacted business in the State of Illinois.

(6) Plaintiff, Metropolitan Life Insurance Company, is now authorized to carry on and does carry on a life and accident and health insurance business and an annuity business in all of the States of the United States, in the District of Columbia, and in the Territory of Puerto Rico, and in the Provinces of the Dominion of Canada. Plaintiff does not sell any insurance other than life insurance, group insurance, and accident and health insurance. Plaintiff sells its insurance policies and annuities directly to the general public solely through its own employees and does not hire or utilize any outside agents, brokers or independent contractors for the purpose of selling insurance, except that the plaintiff sells some group insurance and annuities through brokers.

(7) The defendant was organized under Article II of the Insurance Code of 1937 of the State of Illinois, Ill.Rev.Stat. 1959, c. 73, § 618 et seq., on or about December 19, 1950 and has engaged continuously in the business of casualty insurance in the State of Illinois since January, 1951. As of December 31, 1957, total assets of the defendant were $6,972,000.

(8) From January 1, 1951 to December 21, 1956, the defendant's name was "Highway Casualty Company"; on December 21, 1956 the defendant's name was changed to "Highway Insurance Company", and on October 20, 1958 defendant's name was changed to "Metropolitan Insurance Company" by an amendment to its articles of incorporation.

(9) Approximately three weeks prior to the 20th day of October, 1958 in the County of Sangamon, in the State of Illinois, the defendant submitted for filing and for approval to the Director of Insurance of the State of Illinois amended articles of incorporation changing the name of the defendant from Highway Insurance Company to Metropolitan Insurance Company and said amended articles of incorporation were on or about October 20, 1958 approved and filed by the Director of Insurance of the State of Illinois.

(10) The defendant, Metropolitan Insurance Company, is authorized by its said articles of incorporation, as amended, to write only casualty insurance, including accident and health insurance, in the State of Illinois and elsewhere, as shown in Exhibit "A" attached to the Plaintiff's Complaint filed herein. The defendant has never written that type of casualty insurance commonly called "accident and health" insurance and the un-

disputed testimony is that it has no intention of doing so in the future.

(11) Defendant is authorized to do business in the States of Alaska, Arkansas, Florida, Idaho, Indiana, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, Oregon, South Dakota, Tennessee and Washington, as well as in Illinois.

(12) The defendant has filed with the appropriate state officials of each of the states other than Illinois mentioned in finding of fact No. 11, appropriate documents requesting approval by such officials of defendant's change of name, and each of such officials has approved the change of defendant's name from Highway Insurance Company to Metropolitan Insurance Company and has filed such documents.

(13) The change of name of defendant to "Metropolitan Insurance Company" and all of the steps to effectuate said change took place without prior notice to or prior knowledge of the plaintiff, Metropolitan Life Insurance Company, and the plaintiff has at no time consented to or acquiesced in said change of name. The plaintiff has not filed or attempted to file any complaint with the Director of Insurance of Illinois or with the official of any other State holding an office comparable to that of the Director of Insurance of Illinois against the defendant's use of the name "Metropolitan Insurance Company" or sought a review and reversal by such official of the administrative act of such official in approving the defendant's change of name from Highway Insurance Company to Metropolitan Insurance Company.

(14) Plaintiff, Metropolitan Life Insurance Company, requested the defendant, Metropolitan Insurance Company, to discontinue the use of the name "Metropolitan Insurance Company" promptly after the adoption of such name by defendant, but the defendant refused and has continued to refuse to do so, and has continued to use the name "Metropolitan Insurance Company".

(15) Plaintiff, Metropolitan Life Insurance Company, employs approximately 28,800 agents for the sale and servicing of its life, accident and sickness insurance and to a substantial extent the receipt, at the homes of its policyholders, of premiums on such insurance.

(16) Plaintiff, Metropolitan Life Insurance Company maintains 875 District Offices, of which 60 are located in the State of Illinois, out of which its said agents operate in the sale and servicing of its life, accident and sickness insurance and to a substantial extent in the receipt, at the homes of its policyholders, of premiums on such insurance.

(17) Plaintiff, Metropolitan Life Insurance Company, maintains 10 Regional Group Offices for the sale and servicing of Group life and accident and health insurance and annuities, said offices being located in 9 states and one province of the Dominion of Canada, one of which said offices is located in the City of Chicago, State of Illinois.

(18) More than 41,400,000 persons are covered by some form of life, accident and sickness insurance or annuities issued by plaintiff, Metropolitan Life Insurance Company, of whom approximately 3⅓ million are located in the State of Illinois.

(19) Plaintiff, Metropolitan Life Insurance Company, has in force not less than $9,800,000,000 of industrial life insurance covering approximately 18,250,000 persons under policies averaging approximately $540 each.

(20) Plaintiff, Metropolitan Life Insurance Company, has in force not less than $42,087,000,000 of ordinary life insurance covering approximately 16,100,000 persons under policies averaging approximately $2,600 each.

(21) Each one of the more than 41,400,000 persons throughout the United States and Canada presently covered by insurance and annuities by plaintiff, Metropolitan Life Insurance Company, and each of the approximately 3⅓ million persons in the State of Illinois presently covered by insurance issued by plaintiff, Metropolitan Life Insurance Company, has received a policy or certificate

of insurance in which the name of the plaintiff, "Metropolitan Life Insurance Company" appears prominently.

(22) The use of plaintiff's name, Metropolitan Life Insurance Company, as shown on the Plaintiff's Policy Exhibits 1 through 8 attached to the Stipulation of Facts filed herein on July 2, 1959 [Plaintiff's Exhibit 5] is typical of the use made of plaintiff's name on all policies and group certificates ever issued by the plaintiff.

(23) Plaintiff, Metropolitan Life Insurance Company, is the largest life insurance company in the world, with assets at the end of 1958 valued at upwards of $16,000,000,000, and with life insurance of more than $84,000,000,000 and accident and sickness insurance of approximately $11,000,000,000 then in force.

(24) Plaintiff has extensively and continually over a period of many years advertised its name "Metropolitan Life Insurance Company" and its name "Metropolitan" in conjunction with its insurance business, in national magazines having a circulation in the United States and Canada running into the many millions. Currently, the magazines in which the plaintiff has so advertised its said names have a circulation in the United States and Canada, including the State of Illinois, of approximately 43 million. Plaintiff's Exhibits 6-A through 6-D are typical of the magazine advertising by plaintiff.

(25) Plaintiff has extensively and continually since 1954 advertised its name "Metropolitan Life Insurance Company" and its name "Metropolitan", as aforesaid, in over 700 newspapers throughout the United States and Canada, including the State of Illinois, with a circulation running into the many millions, said circulation at present totaling 39 million, of which more than 3 million is in the State of Illinois through the agency of advertising in 31 newspapers throughout that State. Plaintiff's Exhibits 6-E and 6-F are typical of the newspaper advertising by plaintiff.

(26) Plaintiff has extensively and continually since 1947 advertised its name "Metropolitan Life Insurance Company" and its name "Metropolitan", as aforesaid, through the medium of radio on a six-day-a-week basis throughout the United States and Canada, broadcasting its radio news programs with its "Good Hints for Good Health from the Metropolitan Life Insurance Company", including broadcasts over stations WLS and WBBM in the City of Chicago, Illinois. Plaintiff's Exhibits 9 and 10 are typical of the radio scripts of plaintiff.

(27) In the following years, plaintiff, Metropolitan Life Insurance Company, has expended the following sums for said advertising:

| 1949 | $3,126,850 |
| 1950 | $3,082,678 |
| 1951 | $3,011,606 |
| 1952 | $3,151,692 |
| 1953 | $3,368,881 |
| 1954 | $3,754,118 |
| 1955 | $3,903,971 |
| 1956 | $4,266,919 |
| 1957 | $4,133,150 |
| 1958 | $4,755,129 |

(28) In said advertising the name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid, are prominently used.

(29) Plaintiff, Metropolitan Life Insurance Company, has for 50 years maintained a major division of the plaintiff, known as the Health and Welfare Division, through the agency of whose operations it has carried on numerous health projects of a major nature and has printed and circulated pamphlets and films and exhibits and other means of communication on various subjects dealing with human health and safety in connection with all of which the name "Metropolitan Life Insurance Company" clearly appears and is brought to the attention of the people of the United States and Canada.

(30) Since the inception of the program of printing and distributing pamphlets (of which pamphlets Plaintiff's Exhibits 7 and 8 are typical), plaintiff,

Metropolitan Life Insurance Company, has distributed approximately 1 billion 700 million pamphlets and is now distributing pamphlets to its policyholders and to the general public in an average annual amount of approximately 24.5 million.

(31) Among the personnel in said Health and Welfare Division are several professional persons, including the officers in the Division who are regularly in touch directly, and indirectly through accredited and responsible agencies, with the general public, being engaged in that respect in the delivering of addresses and other means of informing the general public in matters of health and safety, in all instances in association with the plaintiff.

(32) In the following listed years, plaintiff, Metropolitan Life Insurance Company, expended the following sums in the doing of the aforesaid Health and Welfare work:

| 1949 | $1,317,641 |
| 1950 | 1,357,715 |
| 1951 | 1,647,429 |
| 1952 | 1,598,999 |
| 1953 | 1,679,309 |
| 1954 | 1,814,992 |
| 1955 | 1,977,880 |
| 1956 | 1,705,995 |
| 1957 | 1,671,830 |
| 1958 | 1,960,125 |

(33) Plaintiff, Metropolitan Life Insurance Company, also maintains a Statistical Bureau, which originates, compiles and publishes statistics, a substantial portion of which reach the public at large, and such material and information in printed form is identified with the plaintiff, Metropolitan Life Insurance Company, as author and compiler of such statistics.

(34) Such statistics are from time to time widely publicized by newspapers and magazines, including those circulated in the State of Illinois, connecting the origination and compilation of such statistics by name with the plaintiff and its name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid.

(35) In the following years plaintiff, Metropolitan Life Insurance Company, expended approximately the following sums in connection with the origination, analysis and publication of statistics which reach the public throughout the United States and Canada, including the State of Illinois, in association with the name of the plaintiff "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid:

| 1949 | $146,100.00 |
| 1950 | 134,100.00 |
| 1951 | 157,700.00 |
| 1952 | 92,700.00 |
| 1953 | 131,300.00 |
| 1954 | 118,700.00 |
| 1955 | 102,600.00 |
| 1956 | 185,200.00 |
| 1957 | 180,300.00 |
| 1958 | 142,200.00 |

(36) In connection with the publication of such statistics, the plaintiff's names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, are brought before the public also by the appearance of Statistical Bureau personnel before various scientific and medical bodies.

(37) The publicizing of the plaintiff's names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, by newspapers and magazines, as set forth in Finding of Fact No. 34 is accomplished by the preparation of releases sent to some 1,700 newspapers and 60 wire services about three or four times a month, as well as to many magazines.

(38) In each of the aforesaid years 1949 to 1958 inclusive, plaintiff, Metropolitan Life Insurance Company, has prepared and circulated through its aforesaid agents to those covered by insurance issued by plaintiff, Metropolitan Life Insurance Company, and to others who are a part of the general public, annual reports of its operations for the preceding year and of its financial condition at the end of each said year, as shown by Plaintiff's Group Exhibit 4.

(39) In all of the said annual reports of the plaintiff the names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, are prominently used.

(40) Plaintiff, operating out of 10 Group Regional and 31 Detached offices for the sale and servicing of group life and accident and health insurance and annuities, is constantly bringing the names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, before the employees of its group policyholders, the approximate total of such employees at present being 11,400,000. Out of its Group Regional Office located in the City of Chicago, it does so in connection with the servicing of such insurance and annuities covering more than 600,000 group certificate holders resident in the north central States served by such office, including Illinois.

(41) All of the aforesaid usages of the name "Metropolitan Life Insurance Company" and the name "Metropolitan," as aforesaid, and the acts and activities of the plaintiff in relation to and in promotion of the names of the plaintiff have occurred for many years last past.

(42) By reason of the aforesaid:

(a) employment by plaintiff of agents and the activities of said agents,

(b) maintenance by plaintiff of District Offices,

(c) maintenance by plaintiff of Regional Group Offices and its dealings with the millions of employees of its Group policyholders,

(d) issuance by plaintiff and present existence of the insurance policies and certificates of plaintiff,

(e) advertising by plaintiff,

(f) Health and Welfare activities of plaintiff,

(g) origination, compilation, and publication of statistics by plaintiff,

(h) publication and distribution of annual reports by plaintiff,

(i) carrying on by plaintiff of a life and accident and health insurance business and an annuity business in all of the States of the United States, in the District of Columbia, in the Territory of Puerto Rico, and in the Provinces of the Dominion of Canada, and

(j) the facts alleged in paragraphs 18, 19, 20, and 22 of the Complaint, the said names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, have, in the field of life insurance, as aforesaid, come to mean to the general public, and to be synonymous in the public mind with, the plaintiff.

(43) By reason of the facts set forth in (a) to (j), both inclusive, of the next preceding Finding, the names "Metropolitan Life Insurance Company" and "Metropolitan" as aforesaid, meaning the plaintiff, have become well known throughout the United States and Canada.

(44) By reason of the foregoing facts the name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid, have acquired a good will to plaintiff, Metropolitan Life Insurance Company.

(45) By reason of the foregoing facts the name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid, have for a long time been trade names in the field of life insurance, as aforesaid, by which plaintiff has been known.

(46) Defendant, Metropolitan Insurance Company, after adopting said name, prepared and adopted various forms and other printed matter as well as procedures, to show its name "Metropolitan Insurance Company", and is using said name in connection with its insurance business in the State of Illinois and elsewhere in the states wherein it is authorized to do its insurance business, as shown in Plaintiff's Exhibits 13, 17-A, 17-B, 19 and 20.

(47) The name Metropolitan Insurance Company, the corporate name of the defendant, is deceptively similar to the plaintiff's corporate and trade name "Metropolitan Life Insurance Company".

(48) Defendant's use of the name "Metropolitan Insurance Company" is likely to confuse the public and to mis-

lead the public into the belief that the defendant, Metropolitan Insurance Company, is one and the same as the plaintiff, Metropolitan Life Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, is in some way connected with or is a sponsor of the defendant, Metropolitan Insurance Company, or has assumed responsibility for Highway Insurance Company, the defendant by its former name.

(49) Defendant's use of the name "Metropolitan Insurance Company" creates and will create the likelihood of injury to the business reputation of the plaintiff and the likelihood of the dilution of the good will attached to its corporate and trade name Metropolitan Life Insurance Company in that the public is likely to be confused and to be misled into the belief that the defendant, Metropolitan Insurance Company, is, or is some way connected with, the plaintiff, Metropolitan Life Insurance Company, or that the plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant Metropolitan Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, has assumed responsibility for Highway Insurance Company, the defendant by its former name.

(50) No evidence was introduced that the public has actually been confused or misled as aforesaid, nor is there any evidence that during such period the plaintiff's reputation has been injured by the defendant's use of the name Metropolitan Insurance Company or that the good will attached to the plaintiff's name has been diluted.

(51) The plaintiff concededly has not sought to obtain judicial review of the action taken by the Director of Insurance of Illinois in approving and filing the Articles of Amendment to the Articles of Incorporation of defendant changing its corporate name to Metropolitan Insurance Company, and has not instituted any suit, action or proceeding to obtain a writ of mandamus against the Director of Insurance of Illinois requiring him to expunge or undo his action in approving and filing defendant's Articles of Amendment heretofore described or to take any other action for the purpose of withdrawing the authority of the defendant to transact business in Illinois under the corporate name Metropolitan Insurance Company, nor has the plaintiff taken any steps looking to the institution of any such suit, action or proceeding.

Conclusions of Law.

■ (1) This Court has jurisdiction of the parties and of the subject matter in this suit. The law of Illinois is the law applicable to this case. The jurisdiction of this Court being invoked solely on the ground of diversity of citizenship, the Court sits for this purpose, in effect, as a court of the State of Illinois.

■ (2) By reason of—

(a) the employment by plaintiff of agents and the activities of said agents,

(b) the maintenance by plaintiff of District Offices,

(c) the maintenance by plaintiff of Regional Group Offices and its dealings with the millions of employees of its Group Policyholders,

(d) the issuance by plaintiff and present existence, in the hands of insured, of the insurance policies and certificates of plaintiff,

(e) the advertising by plaintiff,

(f) the Health and Welfare activities of plaintiff,

(g) the origination, compilation, and publication of statistics by plaintiff,

(h) the publication and distribution of annual reports by plaintiff,

(i) the carrying on by plaintiff of a life and accident and health insurance business and an annuity business in all of the States of the United States, in the District of Columbia, in the Territory of Puerto Rico, and in the Provinces of the Dominion of Canada, and

(j) the facts alleged in paragraphs 18, 19, 20, and 22 of the complaint,

all of which have been established by the evidence before this Court, the said names "Metropolitan Life Insurance Company" and "Metropolitan", as afore-

said, have in the field of life insurance as aforesaid, come to mean to the general public, and to be synonymous in the public mind with, the plaintiff.

(3) By reason of the conclusions set forth in (a) to (j), both inclusive, of the next preceding Conclusion of Law, the names "Metropolitan Life Insurance Company" and "Metropolitan", as aforesaid, meaning the plaintiff, have become well known throughout the United States and Canada.

(4) By reason of the foregoing the name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid, have acquired a good will to plaintiff, Metropolitan Life Insurance Company.

(5) By reason of the foregoing the name "Metropolitan Life Insurance Company" and the name "Metropolitan", as aforesaid, have for a long time been trade names in the field of insurance by which plaintiff has been known.

(6) The name Metropolitan Insurance Company, the corporate name of the defendant, is deceptively similar to the plaintiff's corporate and trade name "Metropolitan Life Insurance Company" and to its trade name "Metropolitan" as aforesaid.

(7) Defendant's use of the name "Metropolitan Insurance Company" is likely to confuse the public and to mislead the public into the belief that the defendant, Metropolitan Insurance Company, is one and the same as the plaintiff, Metropolitan Life Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, is in some way connected with or is a sponsor of the defendant, Metropolitan Insurance Company, or has assumed responsibility for Highway Insurance Company, the defendant by its former name.

(8) Defendant's use of the name "Metropolitan Insurance Company" creates and will create the likelihood of injury to the business reputation of the plaintiff and the likelihood of the dilution of the good will attached to its corporate and trade name Metropolitan Life

Insurance Company and to its trade name Metropolitan, as aforesaid, in that the public is likely to be confused and to be misled into the belief that the defendant, Metropolitan Insurance Company, is, or is some way connected with, the plaintiff, Metropolitan Life Insurance Company, or that the plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant, Metropolitan Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, has assumed responsibility for Highway Insurance Company, the defendant by its former name.

(9) Plaintiff is entitled to a judgment which the Court has entered contemporaneously herewith, or will enter hereafter, restraining the defendant, its officers, agents, servants, employees, and attorneys and all persons in active concert and participation with said defendant from:

(a) using the name "Metropolitan Insurance Company" as its corporate name and title;

(b) using the name "Metropolitan Insurance Company" in any manner in connection with the business of defendant;

(c) using any name, style or title (i) which is likely to cause confusion in the minds of the public between plaintiff, Metropolitan Life Insurance Company, and defendant or is likely to lead the public to believe that defendant is one and the same as the plaintiff, Metropolitan Life Insurance Company, or is in some way connected with the plaintiff or that plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant or that the defendant is in any manner affiliated or associated with or under the supervision of plaintiff, Metropolitan Life Insurance Company, or that the activities of defendant are conducted with the consent of or under the supervision of or in association or affiliation with plaintiff or (ii) which creates a likelihood of injury to the business reputation of the plaintiff, Metropolitan Life Insurance Company, or likelihood of the dilution of the good will attached to the plaintiff's corporate and

trade name "Metropolitan Life Insurance Company".

Said judgment provides or will provide that the defendant is allowed a reasonable period of time after the entry of said judgment (or after expiration of the period during which said judgment may be stayed) within which to take such prompt steps and proceedings as may be necessary to effectuate a change in its name Metropolitan Insurance Company to another name which is not in violation of the injunction decreed in said judgment; and that no proceedings shall be taken for the enforcement of said injunction during said reasonable period, but that the Court retains jurisdiction both during and after such period to supervise and enforce compliance with said injunction.

(10) Plaintiff is also entitled to a judgment which the Court has entered contemporaneously herewith, or will enter hereafter, that plaintiff, Metropolitan Life Insurance Company, have and recover from the defendant, Metropolitan Insurance Company, its taxable costs in this suit, to be taxed by the Clerk of this Court.

### Decree for Injunction.

This action came on to be tried before the Court, and the evidence adduced by the parties having been heard, and the Court having examined post-trial briefs filed by the parties and having heard arguments of counsel, and the Court having made and filed its findings of fact and conclusions of law, directing judgment as hereinafter provided,

It is ordered, adjudged and decreed, that the defendant, Metropolitan Insurance Company, its officers, agents, servants, employees and attorneys and all persons in active concert and participation with said defendant, be and they hereby are permanently restrained and enjoined from:

(a) using the name "Metropolitan Insurance Company" as its corporate name and title;

(b) using the name "Metropolitan Insurance Company" in any manner in connection with the business of defendant;

(c) using any name, style or title (i) which is likely to cause confusion in the minds of the public between plaintiff, Metropolitan Life Insurance Company, and defendant or is likely to lead the public to believe that defendant is one and the same as the plaintiff, Metropolitan Life Insurance Company, or is in some way connected with the plaintiff or that plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant or that the defendant is in any manner affiliated or associated with or under the supervision of plaintiff, Metropolitan Life Insurance Company, or that the activities of defendant are conducted with the consent of or under the supervision of or in association or affiliation with plaintiff or (ii) which creates a likelihood of injury to the business reputation of the plaintiff, Metropolitan Life Insurance Company, or likelihood of the dilution of the good will attached to the plaintiff's corporate and trade name, "Metropolitan Life Insurance Company".

The defendant is hereby allowed a reasonable period of time after entry of this judgment (or after expiration of the period during which this judgment is stayed) within which to take such prompt steps and proceedings as may be necessary to effectuate a change in its name from Metropolitan Insurance Company to another name which is not in violation of the injunction hereby decreed. No proceedings shall be taken for the enforcement of said injunction during said reasonable period, but the Court retains jurisdiction both during and after such period to supervise and enforce compliance with said injunction.

It is further ordered, adjudged and decreed, that the plaintiff, Metropolitan Life Insurance Company, have and recover from the defendant, Metropolitan Insurance Company, its taxable costs in this suit, to be taxed by the Clerk of this Court.