THE OHIO NATIONAL LIFE INS. CO., APPELLEE, *v.* THE OHIO LIFE INS. CO., APPELLANT.

[Cite as Ohio Natl. Life Ins. Co. v. Ohio Life Ins. Co., 3 Ohio St. 2d 44.]

(No. 39112—Decided June 30, 1965.)

*Mr. William J. Schmid* and *Mr. Jackson Bosch,* for appellee. *Messrs. Fitton, Pierce & Baden, Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Arthur I. Vorys,* for appellant.

O'NEILL, J. The question which this court must decide may be stated thus: Is the name of the appellant, The Ohio Life Insurance Company, so similar to that of the appellee, The Ohio National Life Insurance Company, as to lead to probable confusion and uncertainty on the part of the public, thus resulting in unfair competition?

The appellee does not claim that the appellant may not use the words "Life," or "Insurance," or "Ohio" in an arrangement of words constituting a corporate name. The appellee contends that the arrangement "The Ohio Life Insurance Company" results in a deceptive similarity with the corporate name of the appellee.

There is no contention that there is fraud or an improper intent on the part of the appellant.

There is no evidence that the appellee has suffered damages as a result of this change in the corporate name by the appellant.

The appellant relies upon the approval given to its change in corporate name, as required by statute, by the Secretary of State, the Attorney General and the Superintendent of Insurance. These approvals by administrative agencies and elected officials deserve to be given weight but are not conclusive or binding upon a court.

The appellee, for its position, relies principally upon *National City Bank of Cleveland* v. *National City Window Cleaning Company,* 174 Ohio St. 510; *Younker* v. *Nationwide Mutual Ins. Co.,* 175 Ohio St. 1; *Metropolitan Life Ins. Co.* v. *Metropolitan Ins. Co.* (D. C. Ill.), 180 F. Supp. 682; (C. C. A. 7), 277 F. 2d 896.

A number of cases in jurisdictions outside Ohio have refused to allow an injunction in cases somewhat similar to the one before this court. *Continental Ins. Co.* v. *Continental Fire*

*Assn.*, 101 F. 255; *Central Mutual Auto Ins. Co. v. Central Mutual Ins. Co. of Chicago*, 275 Mich. 554, 267 N. W. 733; *Guardian Life Ins. Co. of America v. Guardian National Life Ins. Co.*, 158 F. Supp, 623; *Sears, Roebuck & Co. v. All States Life Ins. Co.*, 246 F. 2d 161; *Allstate Ins. Co. v. Allstate Investment Corp.*, 210 F. Supp. 25; *Standard Acc. Ins. Co. v. Standard Surety & Casualty Co. of New York*, 53 F. 2d 119.

An examination of the names of life insurance companies admitted to do business in Ohio indicates that there are a great many companies which use the name of a state, the word "Life" or the words "Life Insurance," and the word "National" or the words "National Life Insurance" in their corporate names.

There are already several pairs of insurance companies doing business in Ohio with corporate names as similar as those in question here, the material difference in each pair being only the use of the word "National" in one and the omission of that word in the other.

Wisconsin National Life and Wisconsin Life are identical to the names involved here except for the name of the state. An examination of life insurance companies doing business in other jurisdictions reveals that there is great similarity of names if you consider the use of the words "National" or "National Life Insurance," or "Life" or "Life Insurance," and the names of the states in which the companies are admitted to do business.

There is nothing in the record of this case, nor in the reasoning and argument of appellee, which persuades this court to extend the rules established in the *National City Bank case, supra*, and the *Younker case, supra*, to prohibit the use of the words "The Ohio Life Insurance Company" as the corporate name of the appellant.

The judgment of the Court of Appeals is, therefore, reversed, and final judgment is entered for the appellant.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.